FILED

(c)COPY

1   MARC M. SELTZER (54534)
    SUSMAN GODFREY L.L.P.
2   1901 Avenue of the Stars, Suite 950
    Los Angeles, CA  90067-6029
3   Telephone:  (310) 789-3100
    Facsimile:  (310) 789-3150
4   E-Mail: mseltzer@susmangodfrey.com

5   DREW D. HANSEN
    (Washington State Bar No. 30467)
6   SUSMAN GODFREY L.L.P.
    1201 Third Avenue, Suite 3800
7   Seattle, WA  98101
    Telephone:  (206) 516-3880
8   Facsimile:  (206) 516-3883
    E-Mail:  dhansen@susmangodfrey.com

9
    ANAT LEVY (128040)
10  ANAT LEVY & ASSOCIATES, P.C.
    8840 Wilshire Blvd., Third Floor
11  Beverly Hills CA 90211
    Telephone:  (310) 358-3138
12  Facsimile:  (310) 358-3104
    E-Mail:  alevy96@aol.com

13
    Attorneys for Plaintiffs
14

2008 MAY 29  PM 3:58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

15              UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17                     WESTERN DIVISION

18  RICHARD B. CLARK, f/d/b/a AUSTIN'S
    BARBEQUE & TAVERN; and JJ
19  MANAGEMENT CO., INC., Individually
    and On Behalf of All Others Similarly
20  Situated,

                    Plaintiffs,
21
            vs.
22
    ADVANCEME, INC., d/b/a SUPPLY
23  SERVICES,

24                  Defendant.

25

26

27

28

    Case No.  CV08 - 03540 (FFMx)

    CLASS ACTION

    **COMPLAINT FOR VIOLATION
    OF THE CALIFORNIA USURY
    LAWS (Cal. Const., Art. XV, §1)
    AND THE CALIFORNIA UNFAIR
    COMPETITION LAW (Bus. &
    Prof. Code §§ 17200, et seq.)**

    **JURY TRIAL DEMANDED**

VBF

836924v1/010557

Plaintiffs Richard B. Clark, f/d/b/a Austin's Barbeque & Tavern, and JJ Management Co., Inc., by their undersigned attorneys, make the following allegations against defendant AdvanceMe, Inc. ("AdvanceMe") upon information and belief based upon an investigation conducted by and under the supervision of counsel for plaintiffs.   Allegations as to plaintiffs' own acts are based upon plaintiffs' personal knowledge.

## I.   NATURE OF THE ACTION

1.      Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all other similarly situated persons or entities that entered into contracts with AdvanceMe providing for cash advances purportedly to be repaid out of the proceeds of future credit card "receivables" of retail establishments owned by plaintiffs and other Class members.   Under the contracts in question, known as "Merchant Agreements," AdvanceMe purported to "purchase" retail merchants' credit card receivables in exchange for cash advances. The amount of the "receivables" were assigned to AdvanceMe in amounts substantially higher than the amount of cash advanced to plaintiffs and Class members (e.g., a cash advance of $20,000 entitled AdvanceMe to $30,000 in receivables, calculated by AdvanceMe to be paid in full in a relatively short period of time, usually less than one year).   The excess amount of the receivables assigned to AdvanceMe over the amount of the cash advanced was, in reality, interest on the amount loaned to the merchant by AdvanceMe.   Plaintiffs' obligations to AdvanceMe are collateralized by security interests in the plaintiffs' current and after-acquired personal property.   In addition, the owners of the retail merchants are required to personally guarantee the payment obligations owed to AdvanceMe. These oppressive arrangements are disguised loans that violate California's laws against usury and, in implementing them, AdvanceMe has engaged and is engaging

2

in illegal, unfair and fraudulent business acts and practices within the meaning of California's Unfair Competition Law.  By this action, plaintiffs seek damages, restitution and other remedies and equitable relief for themselves and the members of the Class, as defined in Paragraph 11 below.

## II.     JURISDICTION AND VENUE

2.     This action arises under California's usury laws, Cal. Const. Art. XV, §1, and Cal. Civ. Code §1916, *et seq.*, and the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200, *et seq.*

3.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(d).  Plaintiffs are citizens of the State of California, while AdvanceMe is a citizen of the States of Delaware and Georgia.  The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

4.     Venue is proper in this district pursuant to 28 U.S.C. §1391(a).  One of the named plaintiffs and other members of the Class reside in and do business in this district.  A substantial part of the events giving rise to the claims alleged herein occurred in this district.

## III.     PARTIES
### Plaintiffs

5.     Plaintiff Richard B. Clark ("Clark") is a citizen and resident of the State of California.  At all times relevant hereto, Clark did business as Austin's Barbeque & Tavern, and operated a restaurant doing business under this name in Mountain View, California.

6.     Plaintiff JJ Management Co., Inc. ("JJ Management") is a corporation organized under the laws of the State of California with its principal place of business in Orange County, California.  At all times relevant hereto, JJ Management

836924v1/010557

operated a restaurant known as JoJo's Pizza Kitchen located in Mission Viejo, California.

### AdvanceMe

7.    Defendant AdvanceMe is a corporation organized under the laws of the State of Delaware with its principal place of business in Kennesaw, Georgia. At all times relevant hereto, AdvanceMe did and continues to do business in California and in this district. AdvanceMe sometimes does business under different names, including "Supply Services" and "Songbird."

8.    Until July 2007, AdvanceMe was unauthorized to conduct business in California, notwithstanding that it had been doing so, maintaining offices in California for nearly a decade, directly or through its representatives, and had filed numerous lawsuits against California merchants to enforce the terms of its cash advance arrangements.

### IV.    CLASS ACTION ALLEGATIONS

9.    Plaintiffs bring this class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of all persons and entities owning or operating retail establishments in California who either paid, or agreed to pay, AdvanceMe pursuant to AdvanceMe's Merchant Agreements or who provided personal guarantees to AdvanceMe to secure the making of such payments to AdvanceMe. Excluded from the Class are AdvanceMe, the officers, directors or employees of AdvanceMe, any entity in which AdvanceMe has a controlling interest, and the affiliates, legal representatives, attorneys, heirs, successors-in-interest or assigns of any excluded person or entity.

10.    The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to plaintiffs at this time, and can only be ascertained through appropriate discovery,

4

plaintiffs believe that there are hundreds, if not thousands, of geographically dispersed Class members. Class members can be identified and notified of the pendency of this action using forms of notice similar to those customarily used in similar class actions.

11.     Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs and all members of the Class sustained injuries and damages arising out of AdvanceMe's wrongful common course of conduct complained of herein. The injuries and damages of each member of the Class were caused directly by AdvanceMe's wrongful common course of conduct in violation of law as alleged herein.

12.     Plaintiffs will fairly and adequately represent and protect the interests of the Class, and plaintiffs have no interests which are antagonistic to or in conflict with the interests of the Class members that they seek to protect. Plaintiffs have retained competent counsel experienced in the prosecution of class actions and other complex litigation.

13.     The questions of law and fact common to the Class predominate over the questions that may affect individual Class members, including the following:

(a)     Whether AdvanceMe's cash advance contracts are in fact disguised loan transactions;

(b)     Whether such loan transactions violate California's usury laws;

(c)     Whether, by engaging in the cash advance business, AdvanceMe is violating California laws that require it to be qualified and licensed to conduct commercial lending business in this State;

(d)     Whether, by engaging in the cash advance business, AdvanceMe has engaged, and is engaging, in unlawful, unfair or fraudulent business acts or practices, in violation of the UCL;

5

(e)     The nature and extent of injuries sustained by plaintiffs and members of the Class and the proper measure of damages applicable thereto;

(f)     The amount of revenues and profits obtained by AdvanceMe attributable to its unlawful acts; and

(g)     The equitable relief which plaintiffs and the Class are entitled to obtain.

14.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all Class members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a class action.

15.     The prosecution of this action as a class action will reduce the possibility of repetitious litigation and will provide redress for claims too small to support the expense of individual, complex litigation. Absent a class action, Class members will continue to suffer losses, AdvanceMe's violations of law will be allowed to proceed without remedy, and AdvanceMe will continue to reap millions of dollars received as a result of its wrongdoing. A class action therefore provides a fair and efficient method for adjudicating this controversy.

16.     The prosecution of separate claims by individual Class members would create the risk of inconsistent or varying adjudications with respect to hundreds of individual Class members, which would, as a practical matter, dispose of the interests of the Class members not parties to those separate actions or would substantially impair or impede their ability to protect their interests and enforce their rights.

6

1

## V.     ADVANCEME'S WRONGFUL COURSE OF CONDUCT

2

17.     Defendant AdvanceMe has devised and executed a plan and a scheme

3

pursuant to which it preys on restaurants and other retail establishments that have

4

difficulty obtaining financing from banks and other traditional financial institutions.

5

18.     In exchange for a cash advance from AdvanceMe, the merchant

6

agrees (pursuant to a standard-form, nonnegotiable written contract known as a

7

"Merchant Agreement") to repay AdvanceMe the full amount of the advance

8

(principal), plus an additional sum (in reality, interest on the amount advanced),

9

typically calculated by AdvanceMe to be paid in full within four to twelve months.

10

This promise to pay AdvanceMe is unconditionally guaranteed by the merchant's

11

owner, and is collateralized by a security interest in all of the merchant's current

12

and after-acquired tangible and intangible personal property, and in many instances

13

the personal property of the merchant's owner.

14

19.     AdvanceMe is repaid through the equivalent of a credit card

15

processing "lock box."  Until recently, AdvanceMe required merchants to contract

16

with AdvanceMe's credit card processor to receive a pre-stated percentage (usually

17

16%-35%) of the total amount of each of the merchant's credit card transactions.

18

Such contracts are now made with the merchant's own credit card processor.

19

AdvanceMe continues to debit the merchant's bank account in this manner until the

20

full amount of the advance and interest are repaid.

21

20.     The effective interest rates on these cash advance transactions are

22

exorbitant, well exceeding the legal limit for unlicensed lenders, and often

23

exceeding more than fifty percent of the principal amount loaned to a merchant.

24

21.     AdvanceMe claims that it is not subject to California's usury and

25

lending laws because it is not making loans to merchants, but is instead "factoring"

26

the merchant's future credit card receivables.   Notwithstanding AdvanceMe's

27

28

7

mischaracterization of the transactions, the following factors, among others, establish that these contractual arrangements are, in fact, loans:

(a)     AdvanceMe requires that the merchant undergo a pre-qualification creditworthiness background examination.  AdvanceMe reviews the dollar volume of the merchant's credit card transactions in the preceding months to determine how much it will advance and what the merchant will be required to pay out of its credit card transactions in order to be paid the full amount within four to twelve months of the cash advance.  Therefore, notwithstanding that the AdvanceMe standard-form Merchant Agreement does not have an express repayment date, AdvanceMe takes steps to virtually guarantee that the full amount owed will be paid within a short timeframe, usually within one year.

(b)     The merchant is also required to submit a credit application and AdvanceMe conducts a thorough credit check on the merchant and its owner, including obtaining banking information, Fair Isaac Corporation ("FICO") credit scores and credit references.  In entering into these cash advance arrangements with the merchant, AdvanceMe looks to the creditworthiness of the merchant and its owner to assure payment, rather than that of any third-party customer or debtor who may owe a receivable to the merchant.

(c)     AdvanceMe's form written Merchant Agreement provides that AdvanceMe will take a fixed percentage (17% or more) of each credit or debit card transaction entered into by the merchant and its customer until the full amount due under the contract is paid.  Thus, the total amount due as interest is readily determinable from the face of the contract at the time the contract is entered into.

(d)     AdvanceMe's standard form Merchant Agreement includes an unconditional personal guarantee by the merchant's owner to repay the full amount of the advance and interest.  The guarantee is contractually triggered in a broad

8

range of circumstances, calculated to ensure that the guarantor can be sued in the event the merchant defaults on any of its payments to AdvanceMe.

(e)     AdvanceMe obtains a security interest in the merchant's present and after-acquired tangible and intangible personal property, including, but not limited to, all of the merchant's equipment, machinery, furniture, inventory, intellectual property, and receivables.  In many instances, AdvanceMe obtains a security interest in the personal property of the merchant's owner as well.

(f)     Pursuant to the Merchant Agreement, AdvanceMe is entitled to and files a UCC-1 Financing Statement with the California Secretary of State to perfect its security interest in, and place a lien on, all of the tangible and intangible current and after-acquired personal property owned by the merchant, and in many cases, its owner/guarantor.

(g)     AdvanceMe will sue the merchant or its guarantor or owner, or both, for payment and foreclosure on the security given to secure the payment of the amounts due to AdvanceMe in the event the full amount due is not repaid, and has indeed instituted dozens, if not hundreds, of debt collection actions against California merchants and their owners in California (despite being unauthorized to conduct business in California).

(h)     AdvanceMe has, in prior judicial and administrative proceedings, characterized its cash advance transactions as loans.

22.     In an effort to evade California's usury, lending, and unfair competition laws, AdvanceMe has included in its standard-form Merchant Agreements unfair waivers of rights by the merchants and guarantors, including, at various times, class action waivers, choice-of-law provisions that seek to effectively immunize AdvanceMe from liability for usury law violations, and jury trial waivers that inure solely to AdvanceMe's benefit.

9

23.    The agreements at issue in this case are contracts of adhesion. AdvanceMe, which drafted the contracts, exercised unequal bargaining power over the plaintiffs and Class members.

24.    The class action waivers, jury trial waivers, choice-of-forum provisions, and choice-of-law provisions are unfair and unconscionable. These provisions are oppressive and unreasonably seek to favor AdvanceMe, facilitate AdvanceMe's violations of the laws of California, and violate California's public policy. They are for these reasons unenforceable.

## VI.    ADVANCEME'S TRANSACTIONS WITH THE PLAINTIFFS

### 1. Richard Clark

25.    On or about May 4, 2004, following a "cold call" from one of AdvanceMe's sales persons, and a comprehensive credit and financial background check of Clark, Clark signed AdvanceMe's standard form written Merchant Agreement, and AdvanceMe issued to Clark a "cash advance" in the amount of $73,000.

26.    Pursuant to the terms of the written contract, Clark became indebted to AdvanceMe in the sum of $109,500, and granted to AdvanceMe a security interest in his restaurant's current and after-acquired personal property, thereby securing the full amount of the $109,500 debt.  Clark also executed a personal guarantee of the debt, which guarantee was included as part of the written contract.

27.    Pursuant to the written contract, AdvanceMe filed a UCC-1 Financing Statement with the California Secretary of State on June 2, 2004, perfecting its security interest in the restaurants' and Clark's property.

28.    AdvanceMe thereafter began electronically debiting Clark's bank account in the sum of 17% of each qualifying credit card transaction, until, within a matter of a few months, the entire $109,500 was repaid to AdvanceMe.

29.     On or about May 7, 2005, AdvanceMe loaned Clark another $73,000 under the same terms, again requiring repayment of $109,500. AdvanceMe's UCC-1 financing statement remained in force to cover the second loan, and again, Clark was required to guarantee the loan.

30.     On or about July 12, 2005, Clark closed his restaurant. AdvanceMe continued to debit his bank account through December 2005, whenever he swiped a credit card for payment of certain personal catering jobs he was able to obtain from time to time to make ends meet.

31.     Rather than write off the outstanding $46,000 due on the second contract — the appropriate step if AdvanceMe was truly "factoring receivables" and thereby assuming the risk of non-payment — AdvanceMe filed suit against Clark for breach of contract seeking damages of $61,804, approximately $15,000 more than the full outstanding amount due on the loan, prejudgment interest of 10%, and possession, foreclosure, and sale of all of the restaurants' and Clark's assets.

32.     AdvanceMe voluntarily dismissed its complaint without prejudice when Clark indicated that he would file a class action counterclaim. AdvanceMe continues to contend that Clark owes the full amount allegedly due under the contract and has failed to release its UCC-1 lien on his assets.

33.     Any statutes of limitation for the claims asserted by Clark in this action were tolled from August 30, 2006 until February 13, 2007, from the date AdvanceMe filed an action (the "prior action") against Clark for breach of contract, foreclosure on property and other related claims to collect payments it claimed were owed to it under the loans at issue herein until the date the prior action was dismissed. The prior action was entitled *AdvanceMe, Inc. v. Richard Clark d/b/a Austin's Barbeque & Tavern, and Austin's Restaurant & Catering*, Case No. 106CV060372, filed in the Superior Court of the State of California for the County of Santa Clara. Although, as alleged above, AdvanceMe dismissed the prior action

11

without prejudice, it continues to assert that Clark owes it the sums for which it sued him, and which are the subject of this action.

## 2. JJ Management Co., Inc.

34.    On or about July 24, 2006, following a credit and financial background check consistent with the allegations stated above, AdvanceMe issued to plaintiff JJ Management a "cash advance" in the amount of $30,000.  Its owner, Joseph Bonafede, signed AdvanceMe's standard form Merchant Agreement.

35.    Pursuant to the terms of the written contract, JJ Management became indebted to AdvanceMe in the sum of $41,970, and granted to AdvanceMe a security interest in its restaurant's past and after-acquired property, thereby securing the full $41,970 debt.  JJ Management's owner, Joseph Bonafede, executed the personal guarantee on the first page of the written contract.

36.    AdvanceMe thereafter began electronically debiting JJ Management's bank account in the sum of 22% of each qualifying credit card transaction, until, in less than a year, the entire $41,970 was repaid to AdvanceMe.

37.    Between 2006 and the present, Joseph Bonafede, on behalf of his companies, including JJ Management, has taken approximately $295,000 in loans from AdvanceMe.  The companies have collectively repaid over $412,000, more than 70% more than the total amount borrowed from AdvanceMe.

38.    On or about June 7, 2007, AdvanceMe made a second loan to JJ Management under the same terms, but this time for $34,000 and requiring repayment of $47,566.  Again, Bonafede was required to and did personally guarantee the loan.  As of May 2008, JJ Management has repaid AdvanceMe approximately $30,000 due on the loan.

12

# FIRST CLAIM FOR RELIEF

## (For Violation of California's Usury Laws)

39.     Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 38 above as though fully set forth herein.

40.     AdvanceMe has devised and engaged in a scheme pursuant to which it solicits and issues usurious loans to persons or entities owning or operating restaurants in California under their merchant cash advance business.  AdvanceMe has disguised and masked the true nature of such transactions by mischaracterizing them as "purchases" of credit card receivables in an attempt to evade California's usury laws.

41.     Each of the merchant Class members has taken a usurious loan from AdvanceMe and each of the merchant owner Class members has executed a personal guarantee guarantying the full amount of the debt allegedly owed to AdvanceMe.

42.     Notwithstanding the misrepresentations made by AdvanceMe, the cash advance transactions are, in reality, loans.

43.     AdvanceMe is not a lender that is exempt from the prohibitions of usury laws in California, nor are the transactions that are the subject of this action exempt under California's usury laws.

44.     The interest charged by AdvanceMe in connection with these loan transactions is in excess of the statutory maximum rates of interest permitted in California for these transactions, and plaintiffs' and Class members' obligation to repay such interest is, in fact and in practice, unconditional.

45.     AdvanceMe willfully intended to enter into each of the above-described usurious transactions with plaintiffs and the members of the Class.

46.     The parties to the cash advance arrangements intended and considered the transactions to be loans.

13

47.   As a direct and proximate result of the foregoing, plaintiffs and the members of the Class have been damaged in an amount to be proven at trial.

48.   Plaintiffs seek and are entitled to damages in the amount of interest paid during the two years immediately prior to the filing of this action and for a judgment canceling all allegedly future payment obligations that will become due for the remainder of the term of the contracts.

49.   In addition, plaintiffs and the members of the Class are entitled to damages equal to three times the interest paid by plaintiffs and the members of the Class in the twelve months preceding the filing of this action, and continuing to the time of judgment herein.

50.   AdvanceMe intended to injure plaintiffs and the members of the Class by its willful acts and AdvanceMe's conduct was oppressive, fraudulent and malicious, entitling plaintiffs and the members of the Class to an award of punitive damages.

51.   Further, plaintiffs seek and are entitled to an order of restitution from AdvanceMe to plaintiffs and all Class members of all monies AdvanceMe wrongfully obtained, as well as an order enjoining AdvanceMe's wrongful acts and practices, including, but not limited to, an order requiring AdvanceMe to give notice to the Class of the true nature of the transactions, and to disgorge their ill-gotten gains, as well as such other relief that the Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (For Violation of Business and Professions Code § 17200, *et seq.*)

52.   Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 51 as though fully set forth herein.

14

836924v1/010557

53.     Commencing on a date currently unknown to plaintiffs, AdvanceMe committed, and continues to commit and engage in, unlawful, unfair or fraudulent business acts or practices within the meaning of the UCL in operating and implementing their cash advance business.

54.     AdvanceMe's unlawful practices include, but are not limited to:

(a)     Violation of California's usury laws under Section 1 of Article XV of the California Constitution, for charging interest on money loans that exceeds California's legal interest limits.

(b)     Violation of state and federal banking laws for engaging in a "commercial banking business" as defined in Section 105.2 of the California Financial Code by issuing non-exempt loans to restaurants and other merchants in California without being authorized to do so by the California Department of Financial Institutions or any other state or federal agencies.

55.     AdvanceMe's unlawful practices include, but are not limited to, requiring merchants and guarantors to execute unconscionable form contracts that:

(a)     Falsely state that the transaction is not a loan;

(b)     Require the merchant to grant AdvanceMe excessively broad security interests in all of the merchant's present and after-acquired tangible and intangible personal property.

(c)     Provide for an unfair penalty clause pursuant to which AdvanceMe can accelerate the loan or invoke the guarantor's personal guarantee for the full amount allegedly due for any breach by the merchant of the Merchant Agreement, no matter how minor, and in the case of a change in credit card processors, can immediately seek 100% of the remaining principal and interest due on the loan, and automatically debit the full amount from the merchant's bank account; and

15

(d)     Contain unfair and unconscionable choice-of-forum, choice-of-law, class-action waiver, and jury-trial waiver provisions.

56.     The terms described above, as well as other terms in the agreements, separately and when taken in combination, render the agreements unfair, illegal, fraudulent, and unconscionable.

57.     AdvanceMe has been unjustly enriched as a result of its wrongful conduct as herein alleged.

58.     AdvanceMe should be required to disgorge its ill-gotten gains and make restitution to plaintiffs and to members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against AdvanceMe jointly and severally, as follows:

1.     For an order certifying that the action may be maintained as a class action;

2.     For injunctive relief to restrain AdvanceMe from continuing to engage in acts and practices in violation of California law;

3.     For an accounting and the imposition of an asset freeze and constructive trust over all interest and other monies that AdvanceMe obtained through its illegal, unfair and deceptive business acts and practices;

4.     For equitable relief in the form of an order requiring AdvanceMe to disgorge all interest and profits earned as a result of engaging in its illegal and unfair scheme as alleged above;

5.     For equitable relief in the form of an order requiring AdvanceMe to notify Class members that they have the right not to pay usurious interest and are entitled to restitution for the interest they paid to AdvanceMe pursuant to AdvanceMe's merchant cash advance business;

16

6.     For all available civil statutory penalties, including, but not limited to, treble damages for all interest paid within one year of the filing of this complaint and during the pendency of the action;

7.     For pre-and post-judgment interest at the maximum legal rate;

8.     For attorneys' fees as provided by law;

9.     For costs of suit; and

10.    For such other and further relief as this Court may deem just and proper.

Dated: May 29, 2008

MARC M. SELTZER
SUSMAN GODFREY L.L.P.

DREW D. HANSEN
SUSMAN GODFREY L.L.P.

ANAT LEVY
ANAT LEVY & ASSOCIATES, P.C.


By _____
Marc M. Seltzer
Attorney for Plaintiffs

17

836924v1/010557

1

## JURY DEMAND

2

3        Pursuant to Federal Rules of Civil Procedure, Rule 38(b), plaintiffs demand a

4   trial by jury of all of the claims asserted in this complaint so triable.

5

6   Dated:  May 29, 2008                    MARC M. SELTZER
                                            SUSMAN GODFREY L.L.P.

7                                           DREW D. HANSEN
                                            SUSMAN GODFREY L.L.P.
8

9                                           ANAT LEVY
                                            ANAT LEVY & ASSOCIATES, P.C.

10

11                                          By ~Marc M. Seltzer~

12                                             Marc M. Seltzer
                                               Attorney for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV08- 3540 VBF (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**COPY**

Marc M. Seltzer (54534)
E-Mail: mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Tel: (310) 789-3100; Fax: (310) 789-3150

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. CLARK, f/d/b/a AUSTIN'S BARBEQUE & TAVERN; and [see attached] **PLAINTIFF(S)** <br> v. <br> ADVANCE, INC., d/b/a SUPPLY SERVICES, <br><br> **DEFENDANT(S).** | CASE NUMBER <br><br> **CV08-03540** VBF (FFMx) <br><br> **SUMMONS** |

TO:     DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Marc M. Seltzer_____, whose address is _1901 Avenue of the Stars, Suite 950, Los Angeles, CA 90067-6029_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ____MAY 2 9 2008____        By: ____**NATALIE LONGORIA**____

Deputy Clerk

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

1198

CV-01A (12/07)                        **SUMMONS**

# ATTACHMENT TO SUMMONS

1

2

3  RICHARD B. CLARK, f/d/b/a AUSTIN'S
   BARBEQUE & TAVERN; and JJ
4  MANAGEMENT CO., INC., Individually
   and On Behalf of All Others Similarly
5  Situated,

6                          Plaintiffs,

7        vs.

8  ADVANCEME, INC., d/b/a SUPPLY
   SERVICES,

9                          Defendant.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA** ©**COPY**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>RICHARD B. CLARK, f/d/b/a AUSTIN'S BARBEQUE & TAVERN;<br>and JJ MANAGEMENT CO., INC., Individually and On Behalf of All<br>Others Similarly Situated, | DEFENDANTS<br>ADVANCEME, INC., d/b/a SUPPLY SERVICES |
|---|---|
| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>Santa Clara County, California | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing<br>yourself, provide same.)<br>Marc M. Seltzer<br>Susman Godfrey L.L.P.<br>1901 Avenue of the Stars, Suite 950<br>Los Angeles, CA 90067-6029; Tel: (310) 789-3100 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** – For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** To be determined at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of the California Usury Laws (Cal. Const., Art. XV, Section 1) and the California Unfair Competition Law (Bus. and Prof. Code Sections 17200, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 443 Housing/Acco- mmodations | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 240 Torts to Land | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability |
| ☐ 290 All Other Real Property |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No   ☐ Yes

If yes, list case number(s):

| FOR OFFICE USE ONLY: | Case Number: |
|---|---|

| CV-71 (07/05) | CIVIL COVER SHEET | CV08-03540 | Page 1 of 2 |
|---|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

---

**VIII(b).  RELATED CASES:**  Have any cases been previously filed that are related to the present case? ☐ No   ☑ Yes

If yes, list case number(s): _Case No. CV 04-4640 CBM (MCx)_

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
       ☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
       ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
       ☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

    Plaintiff Richard B. Clark - Santa Clara County, California
    Plaintiff JJ Management, Inc., a California corporation - Orange County, California

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

     AdvanceMe, Inc., d/b/a Supply Services, a Delaware corporation - State of Georgia and State of Delaware

List the California County, or State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

    Los Angeles County  (as to members of the Class)
    Orange County
    Santa Clara County

---

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Marc M. Seltzer_     Date _____ May 29, 2008

    Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |