1
2
3
4
5

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| RICHARD B. CLARK, f/d/b/a AUSTIN'S BARBEQUE & TAVERN; and JJ MANAGEMENT CO., INC., Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> ADVANCEME, INC., d/b/a SUPPLY SERVICES, <br><br> Defendant. | CASE NO. CV08-3540 VBF (FFMx) <br><br> **PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** |

## I. PURPOSE OF THE PROTECTIVE ORDER

The purpose of this Stipulation and Protective Order Governing Confidential Information ("Protective Order") is to prevent the public disclosure of information that is claimed by any party to be confidential. Any unauthorized disclosure of "Confidential" or "Highly Confidential" Information as defined herein in violation of this Protective Order may be subject to discipline by the contempt powers of this Court.

## II. DEFINITION OF CONFIDENTIAL INFORMATION

The term "Confidential Information" includes all documents, things, testimony and information properly designated as "Confidential" or "Highly Confidential" pursuant to Section III, below. "Confidential Information" includes, without limitation, documents, things, responses, testimony, and information given or produced in this action by any party or non-party.

## III. DESIGNATION OF CONFIDENTIAL INFORMATION

Any party or non-party to this action may designate, subject to the terms of this Protective Order, any documents, things, responses, testimony or information that are produced in this action as "Confidential" or "Highly Confidential" in accordance with the provisions of this section.

    A.    Criteria For Classification

        1.    "Confidential" Information includes, without limitation, (a) trade secrets, (b) confidential research, development, business, or financial information, and/or (c) information subject to a legally-protected right of privacy.

        2.    "Highly Confidential" Information includes highly sensitive proprietary, financial, and/or trade secret information, such as future marketing plans, customer lists, or other material the disclosure of which could cause harm to the competitive position of the person, partnership, corporation or other organization that is designating such information.

B. Time Of Designation

Unless otherwise agreed to by the parties, the designation of "Confidential" or "Highly Confidential" Information shall be made at the following times:

1. For documents or things, at the time of the production of the documents or things;

2. For declarations, written discovery responses, and pleadings, at the time of the service or filing, whichever occurs first;

3. For testimony, at the time that such testimony is given by a statement designating the testimony as "Confidential" or "Highly Confidential" made on the record. Within thirty (30) days after review of the transcript, any party may further designate appropriate portions of the testimony as "Confidential" or "Highly Confidential."

4. The ability to designate information as "Confidential" or "Highly Confidential" under this Protective Order is not dependent in any way on a producing party or non-party's assertion of objections in response to discovery requests or demands, and shall not be limited in any way by the failure to assert objections.

5. All subpoenas served on any non-party shall be accompanied by a copy of this Protective Order.

C. Manner of Designation

The designation of "Confidential" or "Highly Confidential" Information shall be made in the following manner:

1. For documents, by placing the notation "Confidential" or "Highly Confidential" on each page of such document in a location that makes the designation readily apparent;

    2. For tangible items, by placing the notation "Confidential" or "Highly Confidential" on the object or container thereof or if impracticable, as otherwise agreed by the parties;

    3. For declarations, written discovery responses, court filings or pleadings, by placing the notation "Confidential" or "Highly Confidential" on the face of such document; and

    4. For testimony, by orally designating such testimony as being "Confidential" or "Highly Confidential" at the time the testimony is given. Thereafter, the original and all copies of the transcript containing the "Confidential" or "Highly Confidential" testimony shall be bound and marked by the Court Reporter with the legend "CONFIDENTIAL" (or "HIGHLY CONFIDENTIAL") INFORMATION SUBJECT TO PROTECTIVE ORDER.  Such transcript and testimony shall be disclosed and used only in accordance with the provisions of this Protective Order.  At the request of counsel for the designating party supplying the "Confidential" or "Highly Confidential" Information, only persons entitled under Section IV, below, to receive "Confidential" or "Highly Confidential" Information shall be permitted to attend that portion of a deposition wherever or whenever any such "Confidential" or "Highly Confidential" Information of such designating party is used or elicited from the deponent or witness.

  D. <u>Subsequent Designation</u>

    An inadvertent failure to designate and/or mark any document, thing, testimony or information as "Confidential" or "Highly Confidential" shall not preclude the designating party from thereafter in good faith making such a designation and requesting the receiving party to so mark and treat such documents, things, testimony or information so designated.  Such designation and request shall be made in writing.  After such designation, such documents, things, testimony or information shall be fully subject to this Protective Order.  The receiving party and

its counsel, however, shall incur no liability for disclosures made prior to notice of such designations.

### E.  Resolution of Disputes Regarding Designation

If a receiving party wishes to have the "Confidential" or "Highly Confidential" designation removed or changed, that party shall first request, through telephone calls or electronic mail, that the designating party or non-party remove its designation and provide reasons for such a request within twenty (20) days of the production or subsequent designation of such information. Thereafter, the party challenging the designation and the designating party or non-party shall make good faith efforts to resolve the dispute. If the party or non-party designating the information refuses to agree to remove or change the designation, then the party challenging the designation may move the Court for relief; provided, however, that the designating party shall have the burden of proving that such particular documents, things, testimony or information is properly designated as "Confidential" or "Highly Confidential." If such motion is made, the parties shall treat the information as originally designated until the motion is decided by the Court. The procedures specified in this Section III.E. are in addition to, and not in lieu of, compliance with Local Rules regarding discovery motions.

## IV.  **PERSONS TO WHOM CONFIDENTIAL INFORMATION MAY BE DISCLOSED**

### A.  Disclosure of Information Designated As "Confidential"

Confidential Information designated as "Confidential" shall be disclosed only to the extent necessary for the prosecution and/or defense of this litigation and only to:

1.  Parties to this litigation and the employees, officers, and directors of such parties who have a reasonable need to review the information in connection with the litigation;

2.    Counsel of record in this litigation, and necessary clerical and support staff employed by such counsel of record who have a reasonable need to review the information in connection with the litigation;

3.    Any non-party support services including, but not limited to, outside copying services, and document imaging and database services, graphics or design services, jury or trial consulting services, outside court reporting services and court reporters as may be reasonably necessary in connection with the litigation;

4.    Expert witnesses or consultants who are employed, retained, or consulted about retention on behalf of any of the parties or counsel of record, and the employees of such experts or consultants who are assisting them in relation to this litigation;

5.    The Court, and any persons employed by the Court whose duties require access to Confidential Information; and

6.    Deponents, non-retained experts, trial witnesses, and their respective counsel who have a reasonable need to review the Confidential Information during the course of, or in preparation for, their testimony in the litigation.

B.    <u>Disclosure Of Information Designated As "Highly Confidential"</u>

Confidential Information designated as "Highly Confidential" shall be disclosed only to those persons described in Section IV.A.2., 3., 4., and 5., as well as to designated in-house counsel for the parties. Confidential Information designated as "Highly Confidential" may also be disclosed to those persons described in Section IV.A.1. and 6., with sufficiently reasonable prior notice to the designating party under circumstances allowing the designating party to obtain adequate protection with respect to "Highly Confidential" Information either by agreement or by motion to the Court.

  C. <u>Undertaking Required By Party Receiving "Confidential" Or "Highly Confidential" Information</u>

   1. All persons described in Section IV.A.4. and 6. to whom Confidential Information is disclosed shall be furnished with a copy of this Protective Order and shall agree to be bound by it. Prior to receiving any Confidential Information, each person described in Section IV.A.4. and 6. shall execute a non-disclosure and confidentiality acknowledgement, in the form attached hereto as Exhibit "A", certifying that the recipient is familiar with the terms of this Protective Order and agrees to be bound by its terms. The original signed non-disclosure and confidentiality acknowledgment shall be retained by the party disclosing such Confidential Information, and need not produce it unless such copy is requested by the designating party or upon order of the Court for good cause shown.

  D. <u>Additional Authorized Disclosure Of Information Designated as "Confidential" Or "Highly Confidential"</u>

   1. Notwithstanding anything to the contrary in Section IV.A.–B. above, particular information that has been designated as "Confidential" or "Highly Confidential" may be disclosed and copies may be provided:

    (a) To persons who are explicitly named on the document as the authors or recipients;

    (b) To any other persons with the prior written consent of the party or non-party that designated such particular documents, things, testimony or information as "Confidential" or "Highly Confidential"; and

    (c) To any other persons with the prior authorization of the Court.

**V. USE OF CONFIDENTIAL INFORMATION**

  A. All Confidential Information produced in this action shall only be used for purposes of this litigation. Confidential Information shall not be used for any

1   other purpose including, without limitation, any business or commercial purpose,
2   except by consent of the designating party or non-party.
3         B.     In accordance with the provisions of Section V.D., below, and Local
4   Rule 79-5.1, upon approval of an application to file Confidential Information under
5   seal, the Clerk of this Court shall maintain under seal any document, thing,
6   testimony or information subject to this Protective Order, which is submitted to the
7   Court.  The Clerk shall make such documents, things, testimony or information
8   available only to the Court and to counsel of record for the parties in these
9   proceedings, unless release is ordered by this Court, or the designating party's
10  counsel agrees and approves in writing to the release of such documents, things,
11  testimony or information.
12        C.     Notwithstanding the parties' designation of "Confidential" or "Highly
13  Confidential" Information, any Court hearing that refers to or describes
14  "Confidential" or "Highly Confidential" Information may be held in open court
15  with records unsealed unless the Court orders, upon its own motion or upon a
16  party's request, that the proceedings be conducted *in camera* out of the presence of
17  any unqualified persons, and any transcript relating thereto be designated as
18  "Confidential" or "Highly Confidential" and prepared in accordance with the
19  provisions of Section III, above.
20        D.     In the event that a party wishes to use any "Confidential" or "Highly
21  Confidential" Information of the other party in any affidavits, briefs, memoranda of
22  law, or other papers filed in Court in this litigation, such paper containing
23  "Confidential" or "Highly Confidential" Information shall be enclosed and filed in
24  a sealed envelope or container identifying the enclosed document and bearing the
25  caption of this case and a notice substantially as follows:
26                CONFIDENTIAL (OR HIGHLY CONFIDENTIAL)
                    SUBJECT TO PROTECTIVE ORDER
27
28  Such "Confidential" or "Highly Confidential" Information shall be maintained

CASE NO. CV08-3540 VBF (FFMx)                    -7-                    STIPULATION AND PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

1  under seal by the Court in accordance with the provisions of Section V.B., above,
2  and Local Rule 79-5.1.  Such application to file Confidential Information under seal
3  shall be filed with the Judge to whom the papers are directed, and such application
4  shall be made pursuant to the provisions of Local Rule 79-5.1.
5        E.    Nothing in this Protective Order shall affect the admissibility into
6  evidence of "Confidential" or "Highly Confidential" Information, or abridge the
7  rights of any person to seek judicial review or to pursue other appropriate judicial
8  action with respect to any ruling made by the Court concerning the issue of the
9  status of "Confidential" or "Highly Confidential" Information.  Agreement to this
10 Protective Order is without prejudice to any party seeking an Order from this Court
11 imposing further restrictions on the dissemination of "Confidential" or "Highly
12 Confidential" Information, or seeking to rescind, modify, alter, or amend this
13 Protective Order.
14       F.    In the event that any person in receipt of "Confidential" or "Highly
15 Confidential" Information shall receive a written request, subpoena or Court Order
16 seeking disclosure of "Confidential" or "Highly Confidential" Information, such
17 person shall immediately upon receipt of such request, subpoena or Court Order,
18 notify counsel for the designating party or non-party of the request, subpoena or
19 Court Order, and shall provide counsel for the designating party with a copy of such
20 request, subpoena or Court Order.  The person to whom the request, subpoena or
21 Court Order is directed shall not produce any "Confidential" or "Highly
22 Confidential" Information until the designating party seeking to maintain
23 confidentiality has had a reasonable opportunity to seek an appropriate order.
24 Absent the entry of such an appropriate order, nothing in this Section V.F. shall be
25 construed as limiting (1) the rights of third parties involved in other actions to
26 conduct discovery or (2) the subpoena power of any court.
27 **VI.**    **INFORMATION EXCLUDED FROM PROTECTIVE ORDER**
28       The obligations relating to any Confidential Information subject to this

CASE NO. CV08-3540 VBF (FFMx)    -8-    STIPULATION AND PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

Protective Order shall not apply to any information which (a) was lawfully in the receiving party's possession prior to the receipt from the designating party, (b) became public knowledge by means not in violation of the provisions of this Protective Order, (c) is discovered independently by the receiving party or (d) is exempted from the provisions of this Protective Order by written consent of the party designating such "Confidential" or "Highly Confidential" Information.

## VII. RETURN OF CONFIDENTIAL INFORMATION

Within sixty (60) days after final termination of this litigation, each receiving party or other individual subject to this Protective Order shall be under an obligation to (1) assemble and return to the designating party or (2) to destroy any information subject to this Protective Order and all copies thereof, except for any copy containing notes of counsel. Notice of the return or destruction of any such document, testimony or information shall be made in writing, and notice of receipt thereof shall be acknowledged in writing. Final termination of this litigation is defined as the date on which all appeals have been exhausted, or disposition by settlement of the parties. Notwithstanding the foregoing provisions of this section, counsel shall be entitled to retain all memoranda or reports prepared by them or any expert witness or consultant which contain "Confidential" or "Highly Confidential" Information, and litigation documents containing "Confidential" or "Highly Confidential" Information which become part of the record of this action, including pleadings, briefs, and exhibits. But such litigation documents shall be used only for the purpose of preserving a record of the action.

## VIII. SURVIVAL

All obligations and duties arising under this Protective Order shall survive the termination of this action. The Court retains jurisdiction over the parties hereto indefinitely with respect to any dispute regarding the improper use of "Confidential" or "Highly Confidential" Information disclosed under protection of this Protective Order.

## IX.   MISCELLANEOUS PROVISIONS

A.   This Protective Order augments and does not supersede any written non-disclosure agreement, confidentiality agreement, or confidentiality provision existing between the parties.

B.   All parties participated in drafting this Protective Order.  Thus, no specific party can be designated as the drafting party against whom any language should be uniquely construed.

C.   In the event that additional persons become parties to this action, they shall not have access to Confidential Information until the newly-joined party or their counsel of record confirms in writing to all other parties that they have read this Protective Order and agree to be bound by its terms.

IT IS SO ORDERED.

DATED:_____November 17, 2008_____

___/ S /   FREDERICK F. MUMM____
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICHARD B. CLARK, f/d/b/a AUSTIN'S BARBEQUE & TAVERN; and JJ MANAGEMENT CO., INC., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ADVANCEME, INC., d/b/a SUPPLY SERVICES,<br><br>Defendant. | CASE NO. CV08-3540 VBF (FFMx)<br><br>**NON-DISCLOSURE AND CONFIDENTIALITY ACKNOWLEDGMENT** |

I hereby declare and state that:

1. I have carefully read and understood and agree to comply with and to be bound by all of the provisions of the Protective Order in the above captioned action signed by the Honorable Frederick F. Mumm, United States Magistrate Judge for the Central District of California.

2. I will not disclose any "Confidential" or "Highly Confidential" Information to anyone not qualified under the terms of the Protective Order to receive such information.

3. I agree to use "Confidential" or "Highly Confidential" Information only in connection with this litigation, and not for any other purpose including, without limitation, any business or commercial purpose. I understand

1 that my use of "Confidential" or "Highly Confidential" Information is governed by
2 the terms and conditions of this Protective Order, and I hereby certify and agree that
3 I will comply fully with those terms and conditions.
4     4.    I will return (or destroy if permitted by the disclosing party) all
5 "Confidential" and "Highly Confidential" Information in my possession to the
6 outside counsel designating me to receive such materials upon request of such
7 counsel or at the termination of this litigation.
8     5.    I submit to the jurisdiction of this Court for purposes of
9 enforcement of the Protective Order and fully understand that violation of the
10 Protective Order is punishable by contempt of Court.

Dated: _____      _____
                                                                      (Signature)

Name: _____

Position: _____

Address: _____

LEGAL_US_W # 59947117.3