# EXHIBIT G

982.1(20)

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
MARTIN B. GREENBAUM CSB# 45268
GREENBAUM & KATZ LLP
840 Newport Center Drive
Suite 720
Newport Beach, CA 92660
TELEPHONE NO: 949-760-1400 FAX NO. (Optional): 949 760-1300
E-MAIL ADDRESS (Optional): mgreenbaum@collectionlaw.com
ATTORNEY FOR (Name): ADVANCEME, INC.

FOR COURT USE ONLY

(ENDORSED) FILED
2006 AUG 30 PM 2:21
KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY ______ DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 NORTH FIRST STREET
MAILING ADDRESS: 191 NORTH FIRST STREET
CITY AND ZIP CODE: SAN JOSE, CA 95113
BRANCH NAME: DOWNTOWN SUPERIOR COURT

PLAINTIFF: ADVANCEME, INC.

DEFENDANT: RICHARD CLARK d/b/a AUSTIN'S BARBEQUE & TAVERN, and AUSTIN'S RESTUARANT & CATERING, and
[X] DOES 1 TO 40

## CONTRACT

[X] COMPLAINT [ ] AMENDED COMPLAINT (Number):

[ ] CROSS-COMPLAINT [ ] AMENDED CROSS-COMPLAINT (Number):

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded [ ] does not exceed $10,000
[ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
[ ] from limited to unlimited
[ ] from unlimited to limited

CASE NUMBER:
106CV070372

1. Plaintiff* (name or names): ADVANCEME, INC.

alleges causes of action against defendant* (name or names): RICHARD CLARK d/b/a AUSTIN'S BARBEQUE & TAVERN, and AUSTIN'S BARBEQUE & CATERING, and DOES 1-40

2. This pleading, including attachments and exhibits, consists of the following number of pages: 8

3. a. Each plaintiff named above is a competent adult
[X] except plaintiff (name): ADVANCEME, INC.
(1) [X] a corporation qualified to do business in California
(2) [ ] an unincorporated entity (describe):
(3) [ ] other (specify):

b. [X] Plaintiff (name): ADVANCEME, INC.
a. [X] has complied with the fictitious business name laws and is doing business under the fictitious name (specify): SUPPLY SERVICES
b. [ ] has complied with all licensing requirements as a licensed (specify):

c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
[X] except defendant (name): AUSTIN'S BARBEAQUE & TAVERN
(1) [X] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity (describe):
(4) [ ] a public entity (describe):
(5) [ ] other (specify):

[X] except defendant (name): and AUSTIN'S BARBEQUE & CATERING
(1) [X] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity (describe):
(4) [ ] a public entity (describe):
(5) [ ] other (specify):

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2
Form Approved for Optional Use
Judicial Council of California
982.1(20) [Rev. January 1, 2006]
COMPLAINT—Contract
Code of Civil Procedure, § 425.12
Legal Solutions Plus
Exhibit G Page 27

| SHORT TITLE: ADVANCEME v. RICHARD CLARK d/b/a AUSTIN'S BARBEQUE, ET. AL. | CASE NUMBER: |
|---|---|

982.1(20)

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) [X] Doe defendants *(specify Doe numbers)*: 1-25 were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) [X] Doe defendants *(specify Doe numbers)*: 15-40 are persons whose capacities are unknown to plaintiff.
   c. [X] Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names)*: and paragraph 9

5. [ ] Plaintiff is required to comply with a claims statute, and
   a. [ ] has complied with applicable claims statutes, *or*
   b. [ ] is excused from complying because *(specify)*:

6. [ ] This action is subject to [ ] Civil Code section 1812.10 [ ] Civil Code section 2984.4.

7. This court is the proper court because
   a. [ ] a defendant entered into the contract here.
   b. [ ] a defendant lived here when the contract was entered into.
   c. [X] a defendant lives here now.
   d. [ ] the contract was to be performed here.
   e. [X] a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. [ ] real property that is the subject of this action is located here.
   g. [X] other *(specify)*: COLLATERAL THAT IS SUBJECT TO THIS ACTION IS LOCATED HERE.

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   [X] Breach of Contract
   [X] Common Counts
   [ ] Other *(specify)*:

9. [x] Other allegations:
   (a) PLAINTIFF IS INFORMED AND BELIEVES AND ON THAT BASIS ALEEGES THAT DOE DEFENDANTS 1-40 WERE AND ARE, IN SOME MANNER, RESPONSIBLE FOR THE OCCURANCES, INJURIES, OR DAMAGES ALLEGED HEREIN.

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. [X] damages of: $ 61,804.10
   b. [X] interest on the damages
      (1) [ ] according to proof
      (2) [x] at the rate of *(specify)*: 10% percent per year from *(date)*: 12/31/2005
   c. [X] attorney fees
      (1) [ ] of: $
      (2) [X] according to proof.
   d. [X] other *(specify)*:
      1)POSSESSION OF THE COLLATERAL PURSUANT TO THE MERCHANT AGREEMENT (EXHIBIT A),and UCC-1 FINANCING STATEMENT (EXHIBIT B);and 2)AN ORDER FOR FORECLOSURE AND SALE OF THE COLLATERAL; and 3)A JUDGMENT FOR DEFICIENTCY.

11. [X] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers)*:
   9(a)

Date: AUGUST 18, 2006

MARTIN B. GREENBAUM CSB# 45268
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

| SHORT TITLE: ADVANCEME v. RICHARD CLARK d/b/a AUSTIN'S BARBEQUE, ET. AL. | CASE NUMBER: |
|---|---|

FIRST (number) **CAUSE OF ACTION - Breach of Contract** Page 4

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name)*: ADVANCEME,INC.

alleges that on or about *(date)*: 3/9/2005

a [X] written [ ] oral [ ] other *(specify)*:

agreement was made between *(name parties to agreement)*: PLAINTIFF and RICHARD CLARK d/b/a AUSTIN'S BARBEQUE & TAVERN, and DOES 1-40

[X] A copy of the agreement is attached as Exhibit A, or

[ ] The essential terms of the agreement [ ] are stated in Attachment BC-1 [X] are as follows *(specify)*: PURSUANT TO MERCHANT AGREEMENT E 1043071 (EXHIBIT A), PLAINTIFF PURCHASED AN AGREED AMOUNT OF DEFENDANT'S CREDIT CARD RECEIVABLES. DEFENDANTS AGREED TO DIRECT THEIR CREDIT CARD PROCESSOR TO REMIT TO PLAINTIFF THE CASH REALIZED FROM THE RECEIVABLES IN ACCORDANCE WITH A SPECIFIED PERCENTAGE AND UP TO A SPECIFIED AMOUNT AS SET FORTH IN THE AGREEMENT. FURTHER, DEFENDANTS AGREED TO PROCESS THEIR RECEIVABLES WITH A CREDIT CARD PROCESSOR ACCEPTABLE TO PLAINTIFF. DEFENDANTS FURTHER AGREED NOT TO USE OR CHANGE CREDIT CARD PROCESSORS FROM THOSE DESIGNATED BY PLAINTIFF.

BC-2. On or about *(dates)*: 12/31/2005

defendant breached the agreement by [ ] the acts specified in Attachment BC-2 [X] the following acts *(specify)*: DEFENDANTS STOPPED USING THE DESIGNATED CREDIT CARD PROCESSOR AND THEREBY REDIRECTED THE CREDIT CARD RECEIVABLES, PURCHASED BY THE PLAINTIFF, AWAY FROM THE PLAINTIFF. DEFENDANTS THEREAFTER FAILED AND REFUSED TO ALLOW PLAINTIFF TO RECEIVE ANY OF THE CASH REALIZED FROM THE CREDIT CARD RECEIVABLES WHICH HAD BEED PURCHASED BY THE PLAINTIFF.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement

[ ] as stated in Attachment BC-4 [X] as follows *(specify)*:

$61,804.10

BC-5. [X] Plaintiff is entitled to attorney fees by an agreement or a statute

[ ] of $

[X] according to proof.

BC-6. [ ] Other:

Form Approved by the Judicial Council of California Effective January 1, 1982 Rule 982.1(21) Optional Form

**CAUSE OF ACTION - Breach of Contract**

Legal Solutions Plus

CCP 425.12

**Exhibit G Page 29**

| SHORT TITLE: ADVANCEME v. RICHARD CLARK d/b/a AUSTIN'S BARBEQUE, ET. AL. | CASE NUMBER: |
|---|---|

SECOND (number) **CAUSE OF ACTION - Common Counts** Page 5

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name)*: ADVANCEME, INC.

alleges that defendant *(name)*: RICHARD CLARK d/b/a AUSTIN'S BARBEQUE & TAVERN, and AUSTIN'S RESTUARANT & CATERING, and DOES 1-40
became indebted to [X] plaintiff [ ] other *(name)*:

a. [X] within the last four years
   (1) [X] on an open book account for money due.
   (2) [X] because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

b. [X] within the last [X] two years [ ] four years
   (1) [X] for money had and received by defendant for the use and benefit of plaintiff.
   (2) [ ] for work, labor, services and materials rendered at the special instance and request of defendant and for which defendant promises to pay plaintiff
      [ ] the sum of $
      [ ] the reasonable value.
   (3) [ ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant promises to pay plaintiff
      [ ] the sum of $
      [ ] the reasonable value
   (4) [ ] for money lent by plaintiff to defendant at defendant's request.
   (5) [X] for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
   (6) [ ] other *(specify)*:

CC-2. $ 61,804.10 , which is the reasonable value, is due and unpaid despite plaintiff's demand, plus prejudgment interest [ ] according to proof [X] at the rate of 10% percent per year from *(date)*: 12/31/2005

CC-3. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
   [ ] of $
   [X] according to proof.

CC-4. [ ] Other:

MC-025

| SHORT TITLE: ADVANCEME v. RICHARD CLARK d/b/a AUSTIN'S BARBEQUE, ET. AL. | CASE NUMBER: |
|---|---|

ATTACHMENT *(Number)*: 1

*(This Attachment may be used with any Judicial Council form.)*

Page 6 of 8

*(Add pages as required)*

9(b). PERSONAL GUARANTY ALLEGATION

PLAINTIFF IS INFORMED AND BELIEVES AND ON SUCH INFORMATION AND BELIEF ALLEGES THAT RICHARD CLARK AND DOES ARE THE GUARANTORS OF THE DEBTS AND/OR OBLIGATIONS OF AUSTIN'S BARBEQUE & TAVERN AND/OR AUSTIN'S BARBEQUE & CATERING AND ARE PERSONALLY RESPONSIBLE FOR ANY AND ALL DEBTS AND/OR OBLIGATIONS INCURRED BY OR ATTRIBUTED TO AUSTIN'S BARBEQUE & TAVERN AND/OR AUSTIN'S BARBEQUE & CATERING PURSUANT TO EXHIBIT "A" ATTACHED HERETO.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [New July 1, 2002]

**ATTACHMENT to Judicial Council Form**

Cal. Rules of Court, rule 982

**Exhibit G Page 31**

**AdvanceMe, Inc.** Merchant Agreement 1043071

Agreement dated ______ (month) ______ (day) ______ (year) between AdvanceMe, Inc. (the "Company") and the merchant listed below ("Merchant").

**MERCHANT INFORMATION**

Business Legal Name: Richard Clark

D/B/A: Austin's Barbeque State of Incorporation/Organization: ______

Type of entity (check one): ☐ corporation ☐ limited liability company ☐ partnership ☐ limited partnership ☐ limited liability partnership ☐ sole proprietorship

Physical address: 1616 W. El Camino Real City: Mountain View State: CA Zip: 94040

Mailing address: ______ City: ______ State: ______ Zip: ______

Date business started (mm/yy): 04/01/1997 Federal ID or SS#: 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

Contact name: Richard Clark Position: Owner

Phone: (650)969-8191 Fax: ______ E-mail: ______ Web Site: [illegible]

**PURCHASE AND SALE OF FUTURE RECEIVABLES**

Upon payment by the Company to the Merchant of the purchase price specified below (the "Purchase Price"), the Company will hereby be purchasing from the undersigned Merchant and Merchant will hereby be selling to the Company, Merchant's interest in the percentage specified below (the "Specified Percentage") of each of its future credit card receivables (the "Future Receivables") due to Merchant from a credit card processor acceptable to the Company ("Processor") until the amount specified below (the "Specified Amount") of Future Receivables has been delivered by Merchant to the Company.

Purchase Price: = $ 73,000.00 Specified Amount: = $ 109,500.00 Specified Percentage: = 17 %

Merchant (i) agrees to enter into an agreement (the "Processing Agreement") acceptable to the Company with Processor to obtain credit and processing services and (ii) hereby authorizes the Processor to pay the cash attributable to the Specified Percentage of each of the Future Receivables to the Company rather than to the Merchant until the Company receives the cash attributable to the Specified Amount of Future Receivables from the Processor.

**PERSONAL GUARANTEE**

The owners of Merchant (such owners, whether shareholders, partners or other owners are referred to herein as ("Owners") hereby guarantee Merchant's performance of all of the covenants made by Merchant in this Agreement, including the covenants contained in the next sentence (the "Merchant Contractual Covenants"). Merchant agrees (i) to conduct its business consistent with past practice; (ii) to exclusively use Processor for the processing of all of its credit card transactions; (iii) not to take any action to discourage the use of credit cards or to permit any event to occur which could have an adverse effect on the use, acceptance or authorization of credit cards for the purchase of Merchant's services and products; (iv) not to change its arrangements with Processor in any way which is adverse to the Company; (v) not to take any action that has the effect of causing the credit card processor through which the major credit cards are settled to be changed from Processor to another credit card processor; and (vi) not to sell, dispose, convey or otherwise transfer its business or assets without the express prior written consent of the Company and the assumption of all of Merchant's obligations under this Agreement pursuant to documentation reasonably satisfactory to the Company.

MERCHANT By: Richard Clark (Print Name) X [signature] (Signature)

WITNESS By: KERRY ABEL (Print Name) ? [signature] (Signature)

OWNER/GUARANTOR By: Richard Clark (Print Name) X [signature] (Signature)

By: ______ (Print Name) ______ (Signature)

WITNESS By: KERRY ABEL (Print Name) ? [signature] (Signature)

AdvanceMe, Inc. ______ (AdvanceMe, Inc. Officer) Associate Name: [illegible] ID #: ______

To the extent set forth herein, each of the parties is obligated upon their execution of the Agreement. The above-signed represents that he or she is authorized to sign this Agreement for Merchant and that the information provided in this and all of the Company's forms is true and accurate in all respects. If the information is false or inaccurate, the Merchant shall be deemed in material breach of all agreements between the Merchant and the Company and the Company shall be entitled to all remedies available under law. The Company may produce a monthly statement reflecting the delivery of the Future Receivables from the Merchant via the Processor. Merchant hereby agrees to a $______ administrative fee per month for the production of the monthly statement and further agrees that the Company may debit such administrative fee from the Merchant's bank account each month via the automated clearing house system. An investigative or consumer report may be made in connection with the Merchant Agreement. Merchant and each of the above-signed authorizes the Company and its agents and representatives and any credit reporting agency employed by the Company to investigate any references given or any other statements of data obtained from or about Merchant or any of its principals for the purpose of this Agreement and to pull credit reports at any time now or in the future on the Merchant and Owner/Guarantor(s).

**ADDITIONAL TERMS OF THIS AGREEMENT ARE SET FORTH ON THE REVERSE SIDE HEREOF.**

AdvanceMe, Inc. (White Copy) Account Executive (Yellow Copy) Merchant (Pink Copy)

03/08/2005 09:46 [illegible]59-9196 17609 AUSTIN'S BBQ PAGE 03

03/08/2005 10:37 [illegible]500060 ADVANCEME PAGE 03

[illegible]