NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICHARD B. CLARK, f/d/b/a AUSTIN'S BARBEQUE & TAVERN; JJ MANAGMENT CO., INC.; and MICHAEL RABINOWITZ, d/b/a GOODFELLOW AUTOMOTIVE, Individually and On Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>vs.<br><br>ADVANCEME, INC., d/b/a SUPPLY SERVICES,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV-08-3540 VBF (FFMx)<br><br><u>CLASS ACTION</u><br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND APPOINTING CLASS COUNSEL** |

WHEREAS, plaintiffs JJ Management, Inc. and Michael Rabinowitz d/b/a Goodfellow Automotive (together, the "Settlement Class Representatives") and defendant AdvanceMe, Inc. ("AMI"), have agreed, subject to Court approval following notice to the proposed Settlement Class (as described in Paragraph 5 below) and a hearing, to settle this action upon the terms and conditions set forth in the Settlement Agreement lodged with this Court; and

WHEREAS, for purposes of this Order, capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.

NOW, THEREFORE, based upon this Court's review of the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to the Court, upon preliminary examination, that the Settlement Agreement and settlement appear fair, reasonable, and adequate, and within the range of possible approval, and that a hearing should and will be held after notice to the Settlement Class (as described in Paragraph 5 below) to confirm that the Settlement Agreement and settlement are fair, reasonable and adequate and to determine whether the settlement should be approved and final judgment entered in this action based upon the Settlement Agreement;

**IT IS HEREBY ORDERED THAT:**

1. **Preliminary Approval of Proposed Settlement.**  The Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of possible approval.  The Court finds that: (a) the Settlement Agreement resulted from extensive arm's length negotiations; and (b) the Settlement Agreement is sufficient to warrant notice thereof to Settlement Class Members and a full hearing on the approval of the Settlement.

2. **Class Certification for Settlement Purposes.**  Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All Persons in the State of California who obtained a Merchant Cash Advance ("MCA") from AdvanceMe, Inc. ("AMI"), executed a guaranty of an MCA in favor of AMI, or remitted or allowed to be remitted any funds to AMI in connection with an MCA between May 29, 2004, and [the date of preliminary approval of the Settlement], inclusive.

In connection with this conditional certification, the Court makes the following preliminary findings:

(a) The members of the Settlement Class appear to be so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this settlement should be approved;

(c) The claims of the Settlement Class Representatives appear to be typical of the claims being resolved through the proposed settlement;

(d) The Settlement Class Representatives appear to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

(e) For purposes of determining whether the settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members.  Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation;

(f) For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class Members.

- 3 -

LA 51325505v3

The Settlement Class Representatives are designated as class representatives for the Settlement Class.

**3.     Class Counsel.**  The Court appoints Marc M. Seltzer, Drew D. Hansen, Arun S. Subramanian and Jordan Connors of Susman Godfrey L.L.P. and Anat Levy of Anat Levy & Associates, P.C. as counsel for the Settlement Class.  The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel.

**4.     Settlement Hearing.**  A final approval hearing (the "Settlement Hearing") shall be held before the Honorable Valerie Baker Fairbank, United States District Judge, in Courtroom 9 of the United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, California  90012, on **March 28, 2011**, at **1:30 p.m.** as set forth in the notice to the Settlement Class (described in Paragraph 5 below), to determine whether the Settlement Agreement is fair, reasonable and adequate and should be approved.  Papers in support of final approval of the Settlement Agreement and Class Counsel's application for an award of attorneys' fees and costs and incentive awards for the Settlement Class Representatives and plaintiff Richard B. Clark (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 9 below.  The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class.  After the Settlement Hearing, the Court may enter a settlement order and final judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

**5.     Class Notice.**  Class Notice shall be provided by AMI and/or a third-party settlement administrator selected by the Settling Parties (the "Settlement Administrator") within **thirty (30)** days following entry of this Order (the "Notice Deadline").

LA 51325505v3

1         **(a)**    **Mailed Notice.**  Within fifteen (15) days after entry of this Order, AMI shall provide the Settlement Administrator with the names and addresses of all Settlement Class Members contained in the database it uses for day-to-day servicing of accounts.  AMI shall not be required to restore back-up tapes or otherwise attempt to obtain names or addresses from other sources.  The names and addresses shall be provided in a format reasonably requested by the Settlement Administrator, with the information for Open Accounts and Closed Accounts provided separately.  No later than the Notice Deadline, the Settlement Administrator shall mail a notice substantially in the form attached hereto as Exhibit 1 (and appended as Exhibit B to the Settlement Agreement) to all Open Accounts and all Closed Accounts for which it has received names and addresses.  Closed Accounts also shall be provided with a copy of the Claim Form.  Prior to mailing, the Settlement Administrator will conduct a national change-of-address search and update its mailing list accordingly.  No further skip-trace or re-mailing of returned mail will be required.

        **(b)**    **Publication Notice.**  The Settlement Administrator shall cause a summary notice of the Settlement, substantially in the form attached hereto as Exhibit 2 (and appended as Exhibit C to the Settlement Agreement), to be published once in each of the publications identified in Exhibit 3 hereto (and appended as Exhibit D to the Settlement Agreement).  The Publication Notice shall include, among other things, the address of the web site containing Internet Notice.

        **(c)**    **Internet Notice.**  AMI shall establish an Internet web site (which shall be distinct from and not linked to any websites used in AMI's business) on which it will make available the Mailed Notice, the Claim Form, the Settlement Agreement, contact information for the Settlement Administrator, contact information for Class Counsel, and any other materials the parties agree in writing to include.  The domain name for the website shall be www.amisettlement.com.  The settlement web site shall be made accessible by the public by the earlier of the date

1  the first Publication Notice is published and the date the first Mailed Notice is
2  mailed, and shall remain accessible until the Settlement becomes Final and the net
3  Settlement Amount has been distributed to members of the Settlement Class.

4      **6.**    **Findings Concerning Class Notice.**  The Court finds that the foregoing
5  form of class notice and the manner of its dissemination is the best practicable notice
6  under the circumstances and is reasonably calculated, under all the circumstances, to
7  apprise Settlement Class Members of the pendency of this action and their right to
8  object to or exclude themselves from the Settlement Class.  The Court further finds
9  that the class notice program is reasonable, that it constitutes due, adequate and
10 sufficient notice to all persons entitled to receive notice and that it meets the
11 requirements of due process and Federal Rule of Civil Procedure 23.

12     **7.**    **Exclusion from Settlement Class.**  Each Settlement Class Member
13 who wishes to be excluded from the Settlement Class and follows the procedures set
14 forth in this Paragraph shall be excluded.  Any potential member of the Settlement
15 Class must mail a written request for exclusion, in the form and to the address
16 specified in the Class Notice.  All such written requests must be postmarked by
17 **February 11, 2011**.  All persons who properly make requests for exclusion from the
18 Settlement Class shall not be Settlement Class Members and shall have no rights
19 with respect to the settlement, should it be approved.

20     **8.**    **Objections and Appearances.**

21     **(a)**    **Written Objections.**  Any potential member of the Settlement
22 Class who has not timely submitted a written request for exclusion from the
23 Settlement Class, and thus is a Settlement Class Member, may object to the fairness,
24 reasonableness or adequacy of the settlement or the Fee Application.  Settlement
25 Class Members may do so either on their own or through counsel hired at their own
26 expense.  Any Settlement Class Member who wishes to object to the settlement or
27 the Fee Application must, on or before **February 11, 2011**, file a written objection
28

- 6 -

LA 51325505v3

with the Court and serve copies on: (i) Class Counsel – Marc M. Seltzer, Susman Godfrey, L.L.P., 1901 Avenue of the Stars, Suite 950, Los Angeles, California 90067; and (ii) counsel for AMI – Scott M. Pearson, Stroock & Stroock & Lavan LLP, 2029 Century Park East, 16th Floor, Los Angeles, California 90067.  Any objection that is not timely filed and served shall be forever barred.

**(b)     Appearance at Settlement Hearing.**  Any Settlement Class Member who timely files and serves a written objection may also appear at the Settlement Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to the fairness, reasonableness or adequacy of the settlement or the Fee Application.  Settlement Class Members or their counsel intending to appear at the Settlement Hearing must file with the Court and serve on Class Counsel and AMI's counsel at the addresses listed above, no later than **February 11, 2011**, a notice of intention to appear setting forth: (i) the name and address of the Settlement Class Member (and, if applicable, the name, address and telephone number of the Settlement Class Member's attorney); and (ii) the objection, including any papers in support thereof.  Any Settlement Class Member who does not timely file and serve a written objection and the notice of intention to appear by **February 11, 2011**, shall not be permitted to object or appear at the Settlement Hearing and shall be bound by all proceedings, orders and judgments of the Court.

**9.     Further Papers in Support of Settlement and Fee Application.**  Any responses to objections to the Settlement Agreement and any papers in support of the Settlement and Fee Application shall be filed with the Court on or before **March 14, 2011**.

**10.     Effect of Failure to Approve the Settlement Agreement.**  In the event the Settlement Agreement is not approved by the Court, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Settlement Agreement, or the

LA 51325505v3

Settlement Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

      (a)    All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

      (b)    The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Settlement Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of AMI for the matters alleged in the Actions or for any other purpose;

      (c)    Nothing contained in this Order is, or may be construed as, any admission or concession by or against AMI or the Settlement Class Representatives on any point of fact or law; and

      (d)    Neither the settlement terms nor any publicly disseminated information regarding the settlement, including, without limitation, the class notice, court filings, orders and public statements, may be used as evidence for any purpose whatsoever.  In addition, neither the fact of, nor any documents relating to, AMI's withdrawal from the settlement, any failure of the Court to approve the settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.

**11.**    **Stay of Proceedings.**  All proceedings in this action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement.  Pending final determination of whether the settlement should be approved, neither the Settlement Class Representatives nor any Settlement Class Member, either directly, representatively or in any other capacity, shall commence or

1  prosecute against any of the Released Parties any action or proceeding in any court
2  or tribunal asserting any of the Released Claims.
3  **IT IS SO ORDERED.**
4  Dated:  December 13, 2010

By: *Valerie Baker Fairbank*
Valerie Baker Fairbank
UNITED STATES DISTRICT JUDGE

LA 51325505v3

# EXHIBIT 1

<u>Notice of Proposed Class Action Settlement and Hearing</u>

**If you are located in California and obtained a Merchant Cash Advance from AdvanceMe, Inc., signed a personal guaranty of a Merchant Cash Advance from AdvanceMe, Inc., or paid money to AdvanceMe, Inc. on a Merchant Cash Advance between May 29, 2004 and [DATE OF PRELIMINARY APPROVAL], you could get a payment from a class action settlement.**

THIS NOTICE MAY AFFECT YOUR RIGHTS – PLEASE READ IT CAREFULLY

This notice summarizes a proposed class action settlement of claims brought against AdvanceMe, Inc. ("AMI") involving alleged violations of California's usury and lending laws. The name of the case is <u>Clark v. AdvanceMe, Inc.</u>, No. CV 08-3540 VBF (FFMx).

The United States District Court for the Central District of California will hold a hearing on [DATE OF FINAL APPROVAL HEARING] to decide whether to give final approval to the settlement. The Court has not decided that AMI did anything wrong. The purpose of this notice is to inform you of the settlement and of your rights relating to the settlement.

1. **WHAT IS THIS LAWSUIT ABOUT?**

The lawsuit described above was brought against AMI alleging that Merchant Cash Advances ("MCAs") are loans with interest rates above what the law allows. The Settlement Class Representatives and Class Counsel have concluded, after carefully considering the relevant facts and the applicable law, that it would be in the best interests of the Class to enter into this Settlement in order to avoid the uncertainties of litigation and obtain the benefits of this Settlement for the Class. After careful investigation and evaluation, the Settlement Class Representatives and Class Counsel believe the Settlement is fair, reasonable, adequate, and in the best interests of the Class.

AMI denies the allegations, any wrongdoing, and any liability whatsoever and believes it has many legal defenses to all of the claims asserted against it in the lawsuit. AMI believes that MCAs are purchases of future credit card receivables, not loans, that it complied and continues to comply in all respects with the law and that no Class Member has sustained any damages or injuries. Nonetheless, AMI has concluded that continuing the Litigation would be protracted and expensive, and therefore has agreed to the Settlement.

2. **WHO IS A CLASS MEMBER?**

The settlement class includes all persons in California who, between May 29, 2004 and [DATE OF PRELIMINARY APPROVAL], obtained an MCA from AMI, signed a personal guaranty of an MCA from AMI, or paid money to AMI on an MCA (either directly or through remittances of credit card receivables).

LA 51325507v4

3. **WHO REPRESENTS THE SETTLEMENT CLASS?**

JJ Management, Inc. and Michael Rabinowitz have been designated by the Court as the settlement class representatives for purposes of the settlement approval process. The Court has appointed Marc M. Seltzer, Drew D. Hansen, Arun S. Subramanian and Jordan Connors of Susman Godfrey L.L.P. and Anat Levy of Anat Levy & Associates, P.C. as class counsel to represent your interests and those of the settlement class. You also have the right to consult with your own attorney, at your own expense, and you may enter an appearance through your own attorney if you desire.

4. **WHAT ARE THE SETTLEMENT TERMS?**

AMI has agreed to establish a settlement fund of $11.5 million, which will be placed in an interest-bearing escrow account. The settlement fund and accrued interest will be used to make payments to Plaintiffs, members of the Class, and non-profit organizations; to notify the Class of the terms of the Settlement; to pay for administering the Settlement; and to pay Class Counsel's attorneys' fees and costs. AMI also has agreed to cancel approximately $11.9 million in merchant accounts which have been in "nonperforming status" for at least 24 months, and to release approximately $2.8 million in judgments it obtained on those accounts. AMI also has agreed to make changes to its Merchant Agreements and to implement additional training and compliance measures.

The settlement fund will be used first to pay a total of $500,000 to the SCORE Foundation (a 501(c)(3) nonprofit organization dedicated to educating entrepreneurs and helping small businesses) to benefit those class members who will not receive a payment from the settlement, then to pay for the cost of notifying the class and administering the settlement, and then (subject to Court approval) to pay to Class Counsel up to $4,000,000 in attorneys' fees plus costs and expenses incurred by Class Counsel not to exceed $500,000 and $15,000 to each of the three Plaintiffs for their services in the case. Class Counsel may apply for a second award of attorneys' fees, costs and expenses to be paid from the settlement fund for additional work, costs and expenses associated with settlement administration, subject to Court approval, without further notice to the Settlement Class. Class Counsel's initial application for an award of attorneys' fees and expenses is on file with the Court and is available for inspection at www.amisettlement.com.

The balance of the settlement fund will be paid to members of the settlement class based on the difference between the "Purchase Price" and "Specified Amount" in their agreements with AMI. Class members who have at least one account with a Specified Amount balance and who have made at least one remittance within the last 32 days are not required to submit a claim form in order to receive a payment. All other Class members must submit a properly completed claim form in order to receive a payment. If there is any money left in the settlement fund after all claims are paid, it will be paid to the SCORE Foundation.

LA 51325507v4

5.  **DO I NEED TO DO ANYTHING TO REMAIN A MEMBER OF THE SETTLEMENT CLASS?**

You do not need to do anything to remain a member of the settlement class. You will remain a member of the settlement class unless you take steps to exclude yourself, described below. If you remain a member of the settlement class, you will be bound by any judgment entered whether or not it is favorable to the settlement class.

6.  **HOW CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?**

If you do not want to remain a settlement class member and participate in the settlement, then you must sign and send an exclusion request to: [ADDRESS FOR OPT OUTS]. Your exclusion request will not be valid if mailed to any other address. Your exclusion request must: (i) be signed by the merchant and each guarantor for each MCA as to which exclusion is requested; (ii) include the full name, address and (if known) AMI account number(s) of the Person(s) requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in Clark v. AdvanceMe, Inc." No request for exclusion will be valid unless all of the information described above is included. For any person in the settlement class who has more than one account, the exclusion request must specify each separate account. Your exclusion request must be postmarked by not later than [OBJECTION DEADLINE]. The Court will exclude from the settlement class any member who timely and properly requests exclusion.

By electing to be excluded from the settlement class, you: (1) will not share in any recovery if the settlement is approved; (2) will not be bound by any further orders or judgments entered for or against the settlement class; (3) will not be entitled to comment on or object to any proposed settlement; and (4) may present any claims you have against AMI by filing your own lawsuit at your own expense.

7.  **WHAT IS THE SETTLEMENT APPROVAL PROCEDURE?**

The Court will hold a settlement hearing on [HEARING DATE], at [TIME], before the Honorable Valerie Baker Fairbank, United States District Judge, in Courtroom 9 of the United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, California 90012, to consider whether the Settlement should be approved, as well as to consider an award of attorneys' fees and costs to Class Counsel and payments to Plaintiffs for their services as class representatives. You may attend the hearing, but you do not have to.

If you exclude yourself from the settlement class, you are not entitled to comment on or object to the settlement, the award of fees and costs to Class Counsel and the payments to Plaintiffs, and you may not be heard at the settlement approval hearing.

If you decide to remain in the settlement class and you wish to comment on or object to the settlement, the award of fees and costs to class counsel or the payments to Plaintiffs, you must file your objections in writing with the Court and send copies to: (i) Class Counsel – Marc M. Seltzer, Susman Godfrey, L.L.P., 1901 Avenue of the Stars, Suite 950, Los Angeles, California 90067; and (ii) counsel for AMI – Scott M. Pearson, Stroock & Stroock & Lavan LLP, 2029 Century Park East, 16th Floor, Los Angeles, California 90067. Comments or objections must be

filed and sent to class counsel and counsel for AMI postmarked not later than [OBJECTION DEADLINE]. If you wish to address the Court at the hearing, you must indicate your intent to do so. If you do not comply with these procedures, you will not be entitled to be heard at the hearing or otherwise to contest approval of the Settlement, the award of fees and costs to Class Counsel or the payments to Plaintiffs or to appeal from any orders or judgments of the Court. If the Court approves the settlement, the approval will bind all members of the settlement class except those who have excluded themselves.

### 8. HOW WILL I BE PAID?

If you do not have at least one account with AMI that had a Specified Amount balance and on which at least one remittance was made between [32 day period prior to preliminary approval], you must complete and mail the claim form by [CLAIM FORM DEADLINE] in order to receive a settlement payment. If you received this notice in the mail, a claim form is enclosed only if you need to submit the form. Claim forms also are available at www.amisettlement.com or by calling (800) _____. To complete the claim form, you must provide your name, address and account number(s) (if known). You must also sign the claim form.

Claim forms must be postmarked by [CLAIM FORM DEADLINE] and mailed to the address specified on the claim form. Only one claim form will be honored per account.

### 9. WHEN WILL I RECEIVE A CHECK?

If the settlement is approved and no appeal is filed, checks will be mailed approximately ___ months after the date of the final settlement hearing. If someone appeals the approval of the settlement, payment will be delayed until after all appeals are resolved. In addition, payment may be delayed if judicial review of any denied claims is sought by Class Counsel.

### 10. RELEASE OF CLAIMS

If the settlement is approved and you do not exclude yourself from the settlement, the following release will apply:

> Upon the Effective Date, the Settlement Class Representatives and the Settlement Class, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully released and forever discharged AMI and each and all of its present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, predecessors-in-interest, or any financial institutions, corporations, trusts, or other entities that may hold or have held any interest (including, without limitation, any security interest) in any account or any receivables relating to any account, or any receivables or group of receivables, or any interest in the operation or ownership of AMI, and all of the aforementioneds' respective officers, directors, employees, attorneys, shareholders, agents, vendors and assigns, from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under

LA 51325507v4

local, state or federal law (including, without limitation, under any state consumer-protection or unfair and deceptive practices acts), whether by constitution, statute, contract, common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, as of the Effective Date, including, without limitation: (1) that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions or occurrences that were or could have been directly or indirectly alleged, asserted, described, set forth or referred to in the Action; or (2) that arise out of or relate in any way to the administration of the Settlement. This release does not extend to claims that are completely unrelated to those alleged in the Action, such as claims that AMI did not credit to an account remittances that it actually received.

Without limiting the foregoing, the Released Claims specifically extend to claims that the Settlement Class Representatives and the Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the releases contained therein, becomes effective. This paragraph constitutes a waiver of, without limitation as to any other applicable law, solely with respect to the Released Claims, of any of the rights and benefits of section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settlement Class Representatives understand and acknowledge, and each member of the Settlement Class shall be deemed to understand and acknowledge, the significance of these waivers of California Civil Code section 1542 and any other applicable law relating to limitations on releases. In connection with such waiver and relinquishment, the Settlement Class Representatives acknowledge, and all members of the Settlement Class shall be deemed to acknowledge, that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

### 11.   WHERE DO I GET ADDITIONAL INFORMATION?

If you want further information, visit www.amisettlement.com or call (800) _____.

LA 51325507v4

This is only a summary of the lawsuit and the proposed settlement. You may seek the advice of your own attorney, at your expense, if you so desire. For more detailed information, you may review the papers on file in the lawsuit, which may be inspected during regular business hours at the Clerk's Office, U.S. Courthouse, 312 North Spring Street, Los Angeles, California 90012.

**DO NOT CALL OR WRITE TO THE COURT OR THE CLERK OF THE COURT. DO NOT CONTACT ADVANCEME. TELEPHONE REPRESENTATIVES ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

Dated:                                               The Hon. Valerie Baker Fairbank
                                                     United States District Judge

# EXHIBIT 2

**LEGAL NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

TO: All persons and entities in California who, between May 29, 2004 and [DATE OF PRELIMINARY APPROVAL], obtained a Merchant Cash Advance from AdvanceMe, Inc., signed a personal guaranty of a Merchant Cash Advance from AdvanceMe, Inc., or paid money to AdvanceMe, Inc. on a Merchant Cash Advance

**This Is Not An Advertisement Or Attorney Solicitation.**

**Read This Notice Carefully. A Class Action Lawsuit May Affect Your Rights.**

A settlement has been proposed in a class action lawsuit relating to Merchant Cash Advances ("MCAs") made by AdvanceMe, Inc. ("AMI"). This notice is only a summary. A detailed notice of your rights is available at http://www.amisettlement.com.

**Description of Litigation.** The Settlement Class Representatives allege that AMI's MCAs are loans that charge more interest than permitted by law. AMI has denied all allegations of wrongdoing and liability. The Court has not ruled on the merits of the Settlement Class Representatives' claims or AMI's defenses.

**Settlement.** Class Counsel and the Settlement Class Representatives have concluded, after due investigation and after carefully considering the relevant circumstances and the applicable law, that it would be in the best interest of the class to enter into a settlement agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected in the settlement agreement are obtained for the Class. The Settlement Class Representatives and AMI have negotiated a settlement agreement which they believe will, if approved by the Court, benefit Settlement Class Members.

**Who Is Included?** The Settlement Class includes all persons in California who, between May 29, 2004 and [DATE OF PRELIMINARY APPROVAL], obtained an MCA from AMI, signed a personal guaranty of an MCA from AMI, or paid money to AMI on an MCA (either directly or through remittances of credit card receivables).

**Settlement Payments.** AMI has agreed to establish a settlement fund of $11.5 million, which will bear interest. The settlement fund will be used to make payments to the Settlement Class Representatives, Settlement Class Members, and a non-profit organization; to pay for notice and settlement administration; and to pay Class Counsel's attorneys' fees and costs. AMI also has agreed to cancel approximately $11.9 million in accounts which have been in "nonperforming status" for at least 24 months, and to release approximately $2.8 million in judgments on those accounts. AMI also has agreed to make changes to its Merchant Agreements and to implement additional training and compliance measures.

The settlement fund will be used first to pay $500,000 to a nonprofit organization to benefit those class members who will not receive a settlement payment, then to pay for notice and settlement administration costs, and then (subject to Court approval) to pay up to $4,000,000 in attorneys' fees plus costs and expenses incurred by Class Counsel not to exceed $500,000 and $15,000 to each of the three Plaintiffs for their services in the case. Class Counsel may apply for a second award of attorneys' fees, costs and expenses to be paid from the settlement fund for additional work, costs and expenses associated with settlement administration, subject to Court approval, without further notice to the Settlement Class. The balance of the settlement fund will be paid to Settlement Class Members based on the difference between the "Purchase Price" and "Specified Amount" in each member's agreement with AMI relative to the sum of the differences between the "Purchase Price" and the "Specified Amount" for all members' agreements. If there is any money left after all claims are paid, it will be paid to a nonprofit organization.

**How Do I Make A Claim?** Claim forms are available at www.amisettlement.com or by calling (800) _____. You must complete and mail the claim form by [CLAIM FORM DEADLINE] in order to receive a settlement payment.

**Other Options.** If you don't want to be legally bound by the Settlement, you must request exclusion by [OBJECTION DEADLINE], or you will not be able to sue about the legal claims in this case. If you request exclusion, the Court will exclude you from the Settlement Class and you will not get money from this Settlement. If you stay in the Settlement, you may object to it by [OBJECTION DEADLINE]. The detailed notice explains how to exclude yourself or object. If you remain a member of the Settlement Class, you will be bound by any judgment entered whether or not it is favorable to the Settlement Class.

The Court will hold a hearing in this case (Clark v. AdvanceMe, Inc., No. CV 08-3540 VBF (FFMx)) to consider whether to approve the Settlement on [HEARING DATE], at [TIME], before the Hon. Valerie Baker Fairbank, United States District Judge, in Courtroom 9 of the U.S. District Court for the Central District of California, 312 North Spring Street, Los Angeles, CA 90012. The detailed notice explains what to do if you want to appear at the hearing. Requests to appear must be made by [OBJECTION DEADLINE]. For more information, visit www.amisettlement.com or call (800) _____. You may also enter an appearance through your own attorney if you desire.

**DO NOT CALL OR WRITE TO THE COURT OR THE CLERK OF THE COURT. DO NOT CONTACT ADVANCEME ABOUT THE SETTLEMENT. TELEPHONE REPRESENTATIVES ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

Dated: [DATE]   /s/ Valerie Baker Fairbank, United States District Judge

LA 51325511v3

# EXHIBIT 3

Notice Publications
---

Bakersfield Californian

Fresno Bee

Los Angeles Times

Orange County Register

Sacramento Bee

San Diego Union-Tribune

San Francisco Chronicle

San Jose Mercury News