```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA

                     CIVIL MINUTES -- GENERAL
```

Case No.  **CV 08-3540-VBF(FFMx)**                    Dated: **March 28, 2011**

Title:    Richard B. Clark -*v*- Advanceme, Inc.

---

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

        Joseph Remigio                           None Present
        Courtroom Deputy                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

  None Present                            None Present

**PROCEEDINGS (IN CHAMBERS):**    **TENTATIVE ORDER: (1) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION (DKT. #264); (2) PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND PLAINTIFFS' COMPENSATION AWARDS (DKT. #260)**

**I.   Tentative Ruling**

     The Court has received, read and considered Plaintiffs Richard B. Clark, JJ Management Co., Inc. and Michael Rabinowitz's Motion for Final Approval of Proposed Settlement and Plan of Allocation (dkt. #264); Plaintiffs Richard B. Clark, JJ Management Co., Inc. and Michael Rabinowitz's Motion for Award of Attorneys' Fees and Costs and Plaintiffs' Compensation Awards (dkt. #260); and related papers. No opposition or objections have been filed.

     Based on the moving papers, the Court would grant both the Motion for Final Approval of Proposed Settlement and Plan of Allocation (dkt. #264) and the Motion for Award of Attorneys' Fees and Costs and Plaintiffs' Compensation Awards (dkt. #260):

**1.   Motion for Final Approval:**

MINUTES FORM 90                          Initials of Deputy Clerk    jre
CIVIL - GEN

    a.    The pertinent factors support a finding that the settlement is fair, reasonable, and adequate: (i) the settlement was reached by arm's-length bargaining following negotiations and after discovery; (ii) both sides faced risks from further litigation; (iii) the settlement provides a significant recovery to the Settlement Class Members and has the support of counsel; and (iv) none of the Settlement Class Members objected to the settlement, or requested to be excluded from the Settlement Class. Fed. R. Civ. P. 23(e)(2); *Officers for Justice v. Civ. Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

    b.    The notice was reasonable, and the requirements for class certification are met. *See* Fed. R. Civ. P. 23(a), (b), & (e).

**2.** **Motion for Award of Attorneys' Fees, Costs and Expenses**: The requested fees and costs are reasonable. *See* Fed. R. Civ. P. 23(h).

The Court will not enter the Order giving final approval to the proposed settlement before May 9, 2011. Pursuant to 28 U.S.C. § 1715(d), an order giving final approval to a proposed settlement may not be issued earlier than 90 days after the appropriate federal and state officials are served with notice of the proposed settlement. Here, Defendant served that notice on February 7, 2011, *see* Mot. at 1 n.1 (dkt. #264); Declaration of Scott M. Pearson ¶¶ 3, 4 (dkt. #267). Thus, the Order will not be entered before May 9, 2011. A non-appearance status conference will be set for May 9, 2011 at 4:00 p.m.

**II. Background**

Defendant Advanceme, Inc. ("AMI") offers to merchants a financial product known as Merchant Cash Advance ("MCA"). Class Plaintiffs filed this action on May 29, 2008, alleging that MCAs are not purchases of future credit card receivables, as claimed by Defendant, but rather disguised loans with interest rates that violate California's usury laws (dkt. #1). The operative Second Amended Complaint asserts claims for violation of California's usury laws and California Business & Professions Code Section 17200, *et seq.*, on behalf of a putative class of persons owning or operating retail establishments in California who entered into MCAs with Defendant or executed personal guarantees relating to such MCAs (dkt. #99).

AMI asserted counterclaims on June 11, 2009 (dkt. #92) and filed the operative Second Amended Counterclaim on December 21, 2009 (dkt. #172) for breach of contract or conversion against Richard B. Clark, individually and f/d/b/a Austin's Barbeque & Tavern, JJ Management Co.,

Inc., Michael Rabinowitz, d/b/a/ Goodfellow Automotive, Joseph Bonafede, Jesus Gonzales and Juan Jose Hernandez.

The Court preliminarily approved the proposed settlement on December 13, 2010 (dkt. #255), finding on a preliminary basis that it was fair, reasonable and adequate and within the range of possible approval. Plaintiffs now move for final approval of the class action settlement and an award of attorneys' fees and other costs.

**III. Motion for Final Approval of Class Action Settlement**

Rule 23(e) of the Federal Rules of Civil Procedure states that a court may approve a class action settlement that binds class members "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e).

    **A.    The Settlement Is Fair, Reasonable, and Adequate**

Assessing whether a class action settlement is fundamentally fair, adequate, and reasonable requires the district court to balance a number of factors, including: (i) the strength of the plaintiffs' case; (ii) the risk, expense, complexity, and likely duration of further litigation; (iii) the risk of maintaining class action status throughout the trial; (iv) the amount offered in settlement; (v) the extent of discovery completed and the stage of the proceedings; (vi) the experience and views of counsel; (vii) the presence of a governmental participant; and (viii) the reaction of class members to the proposed settlement. *See Officers for Justice*, 688 F. 2d at 625. The list of factors is not exhaustive and should be tailored to each case. *See id.*

Plaintiffs have addressed and shown that the following factors support approval of the proposed settlement.

1.   <u>Settlement Amount</u>. The Settlement Agreement provides for a total of approximately $23.4 million in monetary consideration to the Settlement Class to settle the claims in this action. *See* Settlement Agreement at 12 (dkt. #253-1). Of that total, $11.5 million will be paid in cash; after a deduction for settlement costs (any attorneys' fees, costs or incentive awards awarded by the Court) and an initial *cy pres* donation of $500,000 to a non-profit organization for the benefit of Settlement Class members, the $11.5 million will be distributed to qualifying Settlement Class members on a pro rata basis pursuant to the Settlement Agreement. *Id.* at 12-13. The settlement also includes terms that require Defendant AMI to deem all outstanding balances on MCAs that have been nonperforming for at least 24 months to be fully satisfied and performed. *Id.* at 11-12. AMI

MINUTES FORM 90                                         Initials of Deputy Clerk    jre
CIVIL - GEN

has represented that the balance outstanding on these MCAs is approximately $11.9 million as of December 2, 2010. Of that amount AMI has obtained judgments in the approximate amount of $2.8 million. *Id.* at 12. Pursuant to the settlement, AMI will file a satisfaction of those judgments. Additionally, AMI will implement measures designed to ensure that its collections personnel do not request payments from merchants who go out of business in the ordinary course and who have not previously breached their Merchant Agreements. *Id.* at 21.

Considering only the cash consideration, the proposed settlement represents 12.6% of the total aggregate damages of approximately $91,105,709. Declaration of Marc Seltzer ¶ 4 (dkt. #266). Considering the full monetary consideration of the settlement, including the approximately $11.9 million in nonperforming MCAs that will be deemed fully satisfied, the proposed settlement represents 25.7% of the total aggregate damages from Plaintiffs' estimated best-case scenario following litigation. As set forth in the moving papers, a settlement recovery representing either 25.6% or 12.6% of Plaintiffs' estimated aggregate damages compares favorably to other class action settlements. *See, e.g., In re Merrill Lynch & Co. Research Reports Secs. Litig.*, 246 F.R.D. 156, 157 (S.D.N.Y. 2007).

2.   <u>Stage of Proceedings</u>. Discovery in this action was extensive. During the course of the litigation, AMI produced to Class Plaintiffs thousands of pages of documents, and thousands more pages were produced by third parties. Seltzer Decl. ¶ 3. The parties deposed 12 witnesses. *Id.* Defendant AMI filed numerous motions. *See* dkts. #22, #59, #69. The proposed settlement was reached after informed, arm's-length negotiations conducted under the supervision of the Hon. Richard C. Neal. Seltzer Decl. ¶ 5. The negotiations were conducted over the course of many months, and included conference calls, written correspondence and face-to-face discussions. *Id.* ¶ 6.

3. <u>Strength of Plaintiffs' Case and Risks of Further Litigation</u>. The contested issues in this case caused the parties to have different views of the settlement value. These issues included: (1) whether California law or New York law governs plaintiffs' usury claims; (2) whether AMI's MCAs are functionally equivalent to loans; (3) if AMI's MCAs are found to be loans, how to calculate the interest rate on these loans for the purpose of determining whether they comply with applicable usury laws; and (4) whether issues common to Class members predominate over individual issues sufficiently to warrant class certification. Mot. at 11:23-12:11; Seltzer Decl. ¶ 5. All of these disputed issues presented a significant risk that Plaintiffs would fail to obtain class

MINUTES FORM 90                                    Initials of Deputy Clerk   jre
CIVIL - GEN

certification, fail to reach trial, or obtain no recovery at trial. Seltzer Decl. ¶ 5.

4.  <u>Experience and Views of Counsel</u>. In the view of Plaintiffs' counsel, the settlement is fair, reasonable and adequate and should be approved. Seltzer Decl. ¶ 8; Declaration of Anat Levy ¶ 8 (dkt. #263). Plaintiffs' counsel has a thorough understanding of the merits of the action and experience in complex class actions. Seltzer Decl. ¶ 2; Levy Dec. ¶¶ 3-5.

5.  <u>Reaction of Class Members</u>. Notice of the settlement was served on Class Members on or before January 12, 2011. *See* Declaration of Markham Sherwood ¶ 3 & Ex. A (dkt. #268). The deadline to request exclusion or to object to the settlement expired on February 11, 2011. *Id.* ¶¶ 7-8. None of the Settlement Class members objected to the settlement or Plaintiffs' requested fee and cost award, or requested to be excluded from the Settlement Class. *See id.; see also* Seltzer Decl. ¶ 9.

The moving papers note that following AMI's notice of the settlement to the California Attorney General's office pursuant to the requirements of the Class Action Fairness Act, counsel for the parties were contacted by the California Attorney General's office requesting that government entities be excluded from the class definition. *See* Mot. at 3:19-28; Seltzer Decl. ¶ 10, Ex. 5. The parties agreed to accommodate this request because no governmental entities are included within the Settlement Class. The parties submitted a revised definition of the Settlement Class in the Amended Proposed Final Approval Order that expressly excludes government entities. Seltzer Decl. ¶ 10, Ex. 5.

### B. The Plan of Allocation Is Fair, Reasonable, and Adequate

Plaintiffs have also shown that the Plan of Allocation is fair, reasonable and adequate and should be approved. Approval of a plan of allocation of settlement proceeds is governed by the same overarching standard of fairness applied to the settlement. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1284 (9th Cir. 1992). "When formulated by competent and experienced class counsel, an allocation plan need have only a 'reasonable, rational basis.'" *In re Global Crossing Secs. & ERISA Litig.*, 225 F.R.D. 436, 462 (S.D.N.Y. 2004).

Here, the Plan of Allocation ensures an equitable pro rata distribution of the Settlement Amount among Settlement Class Members based on the amount that Settlement Class members paid Defendant AMI on MCAs in excess of the Purchase Price or the amount outstanding in excess of the Purchase Price. Mot. at 15:6-17:13. The Plan of Allocation was the product of extensive discussions and negotiations by Class Counsel and

counsel for AMI, and it is the view of Class Counsel that the Plan of Allocation is fair and reasonable. Seltzer Decl. ¶ 8.

### C. Notice Was Reasonable

The notice process approved by the Court during the preliminary approval stage was followed and is reasonable. Fed. R. Civ. P. 23(e); Mot. at 6:14-7:18; Sherwood Decl. ¶ 3 & Ex. A.

### D. Class Certification Requirements for the Settlement Class Are Met

As the Court found in preliminarily approving the proposed settlement (dkts. #254, #255), the Settlement Class meets the requirements for class certification. *See* Fed. R. Civ. P. 23(a) & (b).

## IV. Motion for an Award of Attorneys' Fees, Litigation Costs, and Incentive Awards

Rule 23(h) states that "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Rule 23(h) further states that in awarding attorney fees and costs, the court "may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a)." Fed. R. Civ. P. 23(h)(3).

Class counsel request the following fees and costs:

1. <u>Attorneys' fees</u>. Plaintiffs request that the Court award attorneys' fees in the amount of $4 million, plus interest, which is 17.1% of the $23.4 million settlement consideration ($11.5 million in cash, and approximately $11.9 million in outstanding account balances that Defendant AMI will deem satisfied).

"The common fund doctrine provides that a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 769 (9th Cir. 1977). In the Ninth Circuit, a district court has discretion to award fees in common fund cases based on either the lodestar method or the percentage-of-the-recovery method. *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994).

In this case, the requested fee of 17.1% of the total settlement consideration is below the Ninth Circuit's benchmark fee guidelines of

25%. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 273 (9th Cir. 1989) ("[T]he district court should take note that 25 percent has been a proper benchmark figure . . . ."). The result achieved is an important factor to be considered in making a fee award. *See Hensley v. Echerhart*, 461 U.S. 424, 436 (1983). In this case, the result achieved supports the requested award, particularly in light of the contested legal and factual issues involved. Mot. at 10:10-22. The procedural history of this litigation, the experience of Class Counsel, the risk Class Counsel undertook in pursuing this litigation also support the requested fee. Mot. at 10:23-11:5.

2.   <u>Attorneys' costs</u>. Plaintiffs request that the Court approve reimbursement of costs and expenses incurred by Class Counsel of $303,189.48, plus interest (as of January 11, 2011). Declaration of Marc Seltzer ¶ 3 & Ex. 2 (dkt. #262); Levy Decl. ¶ 5. The categories of expenses for which Class Counsel seek reimbursement, which are detailed in the Seltzer Declaration, are the type of expenses charged to clients billed on an hourly basis, including expert fees, the costs of computerized research services, court reporter fees, videographer fees, reporters' transcript fees, mediation fees, photocopying and printing costs, and telephone charges. Seltzer Decl. ¶ 3 & Ex. 2; Levy Decl. ¶ 5.

3.   <u>Incentive awards</u>. The named Plaintiffs and Class Counsel request that the Court approve incentive awards of $15,000 for each of the three named Plaintiffs, Richard Clark, JJ Management Co., Inc. and Michael Rabinowitz. Mot. at 14:1-26. These Plaintiffs participated in all aspects of the case. Levy Decl. ¶¶ 6-13. They provided Class Counsel with documents and background information describing AMI's practices, participated actively in discovery and incurred expenses in the form of mileage, photocopying and scanning. *Id*. ¶¶ 7-9, 13. The named Plaintiffs each spent over 100 hours working on this matter. *Id*. ¶ 12. The named Plaintiffs also bore risk in representing the Class, as AMI filed counterclaims against the Plaintiffs and certain of their business associates. *Id*. ¶¶ 10-11.

## V.   **Proposed Orders**

The parties did not submit a proposed order for the Motion for Award of Attorneys' Fees and Costs and Plaintiffs' Compensation Awards (dkt. #260). Such order shall be filed within two days. The parties must submit a proposed order adequately setting forth the facts and legal conclusions the Court must make to award such fees under Rule 23(h)(3) and 52(a), including that Class Members were adequately notified of Class Counsel's request for fees and costs and of the incentive awards, and that such fees and costs are reasonable under the circumstances of this case.

<u>[Proposed] Amended Final Approval Order and Judgment (dkt. #264-1)</u>. The Court will sign the [Proposed] Amended Final Approval Order and Judgment, as it adequately sets forth the facts and legal conclusions the Court must make to approve the settlement under Rule 23(c)(3) & (e). The Proposed Order sets forth the class of persons who will be bound by the judgment, the factors that favor approval of the settlement, the adequacy of notice, that the requirements for class certification are met with respect to the settlement class and the release of claims that is part of the settlement.

**IT IS SO ORDERED.**