MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150

ANAT LEVY (128040)
alevy96@aol.com
ANAT LEVY & ASSOCIATES, P.C.
8840 Wilshire Blvd., Third Floor
Beverly Hills CA  90211
Telephone:  (310) 358-3138
Facsimile:  (310) 358-3104

Attorneys for Plaintiffs

(See Notice of Motion and Motion for
An Award of Attorneys' Fees and Costs
for Names and Addresses of
Additional Counsel for Plaintiffs)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICHARD B. CLARK, f/d/b/a AUSTIN'S BARBEQUE & TAVERN; JJ MANAGMENT CO., INC.; and MICHAEL RABINOWITZ, d/b/a GOODFELLOW AUTOMOTIVE, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>ADVANCEME, INC., d/b/a SUPPLY SERVICES,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV-08-3540 VBF (FFMx)<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND PLAINTIFFS' COMPENSATION AWARDS |

1508033V1/010557

WHEREAS,

A. On December 3, 2010, the parties to the above-described class action (the "Action") entered into a Settlement Agreement (the "Settlement"), as amended by the Amendment to Settlement Agreement, dated March 14, 2011, and the Court, for purposes of this Order, hereby adopts the definitions set forth in the Settlement, as so amended;

B. On December 13, 2010, this Court entered an Order granting preliminary approval to the proposed settlement set forth in the Settlement, conditionally certifying the Settlement Class, appointing Class Counsel, and providing for notice to the Class ("Preliminary Approval Order"), and notice having been provided to the Settlement Class in accordance with the Preliminary Approval Order, and the Court's Amended Order to Modify Forms of Notice to the Settlement Class of Class Action Settlement, filed on January 6, 2011;

C. The Class Representative Plaintiffs and Class Counsel having applied to the Court for an award of attorneys' fees, costs and expenses and compensation awards to the plaintiffs;

D. The notice disseminated to Settlement Class Members in accordance with the Preliminary Approval Order, as amended, disclosed the amount of attorneys' fees Class Counsel would seek, the maximum amount of costs and expenses for which Class Counsel would seek reimbursement, and the amounts in compensation awards plaintiffs would seek;

E. Pursuant to the Preliminary Approval Order, as amended, and as set forth in the notice disseminated to the Settlement Class, any objections to plaintiffs' and Class Counsel's applications for attorneys' fees and expenses and compensation awards to the plaintiffs were to be filed and served by February 11, 2011, and no objections to the applications having been filed, served or otherwise received;

F. Pursuant to the notice disseminated to the Settlement Class, and upon due notice to all parties, the Court held the Final Approval Hearing on March 28,

1  2011, to consider, among other things, whether the application for attorneys' fees,
2  costs and expenses and the compensation awards to plaintiffs should be approved by
3  the Court; and

4      G.    The Court having determined that the proposed settlement of the Action
5  on the terms and conditions provided in the Settlement is fair, reasonable, and
6  adequate to the Settlement Class and should be approved by the Court, and the Final
7  Judgment should be entered as provided for in the Settlement, subject to the waiting
8  period imposed by 28 U.S.C. § 1715(d);

9      WHEREAS, the Court, having considered the presentations of counsel and all
10 matters submitted to it at the hearing, along with all of the files, records, and
11 proceedings in this Action, and otherwise having determined the fairness and
12 reasonableness of the requests set forth in Plaintiffs' Notice of Motion and Motion
13 for an Award of Attorneys' Fees and Costs and Plaintiffs' Compensation Awards
14 (the "Motion"), filed on January 12, 2011, and in the papers submitted in support
15 thereof;

16 **NOW, THEREFORE, IT IS HEREBY FOUND, ORDERED,**
17 **ADJUDGED AND DECREED, THAT:**

18     1.    This Court has jurisdiction over the subject matter of the Action, the
19 application and all matters relating thereto, including all members of the Settlement
20 Class.

21     2.    Due, adequate and reasonable notice of the Motion and the attorneys'
22 fees Class Counsel would request, the maximum amount of costs and expenses for
23 which Class Counsel would seek reimbursement, and the amount of compensation
24 awards which plaintiffs would seek, including notice as to how Settlement Class
25 Members may inspect or obtain copies of the Motion and all supporting papers, was
26 directed to all persons who were reasonably identifiable Settlement Class Members,
27 advising them of the application set forth in the Motion and their right to object
28 thereto.

3. Susman Godfrey L.L.P. and Anat Levy & Associates, P.C. are hereby jointly awarded attorneys' fees in the amount of $4,000,000.00 to be paid out of the Settlement Amount, plus a proportionate share of any interest accrued on the Settlement Amount, to be allocated among them in accordance with the terms of their agreement, and Susman Godfrey L.L.P. is hereby awarded reimbursement of costs and expenses in the amount of $292,065.04, and Anat Levy & Associates, P.C. is hereby awarded reimbursement of costs and expenses in the amount of $11,124.44, plus a proportionate share of any interest accrued on the Settlement Amount ("Fee and Expense Award"). This Fee and Expense Award shall be paid by the Escrow Agent from the Settlement Amount to Susman Godfrey L.L.P. subject to the terms, conditions, and obligations of the Settlement, and pursuant to the timing set forth in paragraph E.2 of the Settlement, or such earlier time as may be agreed to by Class Counsel and counsel for defendant AdvanceMe, Inc., which terms, conditions, and obligations are incorporated herein, and Susman Godfrey L.L.P. shall thereafter distribute or direct the distribution of those funds in accordance with this Order and the agreement of Class Counsel, as set forth in the Motion.

4. The Court finds that the amount of attorneys' fees awarded is fair and reasonable under both the "percentage-of-the-recovery" and lodestar/multiplier methods for determining fee awards in light of, *inter alia*:

(a) The attorneys' fee award being on par with or below the percentages awarded in comparable cases;

(b) The approximate $23.4 million in settlement consideration made available by the Settlement, in light of plaintiffs' estimate of damages under their best-case scenario, and the risk to plaintiffs and the Settlement Class that they would obtain no recovery from defendant AdvanceMe, Inc. based on, among other things, a failure to prove liability or damages;

(c) The quality of work by and the experience of Class Counsel, and the absence of any related governmental proceeding;

        (d)    The risks that Class Counsel undertook in pursuing this Action, including the risk that no recovery would be obtained for plaintiffs and the Settlement Class;

        (e)    The time and effort involved, including the time and effort devoted by Class Counsel in overcoming defendant's motions to dismiss and to determine the applicable law, conducting discovery involving the review and analysis of thousands of pages of documents and taking and defending multiple depositions, and negotiating the Settlement; and

        (f)    Class Counsel's lodestar "multiplier" of approximately 2.2. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (attorney's fees must be "reasonable in the circumstances"); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) (examining factors, including risk of litigation, financial burden of contingent representation, result achieved, and customary fees for similar cases).

5. The Court finds that the reimbursement of the costs and expenses requested, including expert fees, the costs of computerized research, travel to attend hearings and depositions and mediation, court reporter fees, videographer fees, transcript fees, mediation fees, photocopying and printing costs, and telephone charges, are reasonable under the circumstances and typical of those billed by attorneys to paying clients in the marketplace. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (looking to whether expenses are of the type typically billed by attorneys to paying clients in the marketplace); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) (reimbursing expert fees that are "crucial or indispensable to the litigation at hand").

6. Plaintiffs Richard B. Clark, JJ Management Co., Inc. and Michael Rabinowitz are hereby each awarded $15,000.00 for their services in this Action.

7. The Court finds, in the exercise of its discretion, the foregoing awards to plaintiffs is fair and reasonable, and adequately supported by the record in this Action.

8. The foregoing awards to plaintiffs shall be paid by the Escrow Agent as provided in the Settlement.

9. The foregoing sets forth the Court's findings of fact and conclusions of law regarding the application and the fairness and reasonableness of the awards made pursuant thereto in accordance with Rules 23(h)(3) and 52(a) of the Federal Rules of Civil Procedure.

10. The Court hereby retains and reserves continuing jurisdiction over the Action, the parties, the Members of the Settlement Class, the Settlement Amount and all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement, and for any and all other purposes.

**IT IS SO ORDERED.**

Dated: \_\_\_\_March 31\_\_\_\_, 2011

*Valerie Baker Fairbank*
Valerie Baker Fairbank
UNITED STATES DISTRICT JUDGE