MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

ANAT LEVY (128040)
alevy96@aol.com
ANAT LEVY & ASSOCIATES, P.C.
8840 Wilshire Blvd., Third Floor
Beverly Hills CA 90211
Telephone: (310) 358-3138
Facsimile: (310) 358-3104

Attorneys for Plaintiffs

(See Memorandum of Points and Authorities
for Names and Addresses of
Additional Counsel for Plaintiffs)

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| RICHARD B. CLARK, f/d/b/a AUSTIN'S BARBEQUE & TAVERN; JJ MANAGMENT CO., INC.; and MICHAEL RABINOWITZ, d/b/a GOODFELLOW AUTOMOTIVE, Individually and On Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>vs.<br><br>ADVANCEME, INC., d/b/a SUPPLY SERVICES,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV-08-3540 VBF (FFMx)<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] AMENDED FINAL APPROVAL ORDER AND JUDGMENT |

1498444v1/010557

THIS MATTER came before the Court for final approval of the proposed class settlement. The Court has considered all papers filed and the entire record of the proceedings in this matter and held a hearing on March 28, 2011, at which time the parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the proposed settlement. Based on the papers filed with the Court and presentations made to the Court at the hearing, and good cause appearing therefor,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The definitions and provisions of the Settlement Agreement, as amended by the Amendment To Settlement Agreement, dated March 14, 2011, are hereby incorporated as though fully set forth herein. For purposes of this Order, capitalized terms shall have the meaning ascribed to them in the Agreement as so amended.

2. This Court has jurisdiction over the subject matter of the Agreement with respect to and over all parties to the Agreement, including all members of the Settlement Class.

3. The Court hereby approves the Settlement, including the plan of distribution of the settlement relief, and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class Members, within the authority of the parties and the result of extensive arm's length negotiations.

4. Pursuant to Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following Settlement Class:

> All Persons in the State of California who obtained a Merchant Cash Advance ("MCA") from AdvanceMe, Inc. ("AMI"), executed a guaranty of an MCA in favor of AMI, or remitted or allowed to be remitted any funds to AMI in connection with an MCA between May 29, 2004, and December 13, 2010, inclusive.

5.      This Final Approval Order and Judgment does not constitute an expression by the Court of any opinion, position or determination as to the merit or lack of merit of any of the claims or defenses of the Settlement Class Representatives, the Settlement Class Members or AMI.  Neither this Final Approval Order and Judgment nor the Agreement is an admission or indication by AMI of the validity of any claims in this action or of any liability or wrongdoing or of any violation of law.  This Final Approval Order and Judgment and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by AMI or any other person in connection with any transaction, event or occurrence, and neither this Final Approval Order and Judgment nor the Agreement nor any related documents in this proceeding nor any reports or accounts thereof shall be offered or received in evidence in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order and Judgment, the Agreement and all releases given thereunder, or to establish the affirmative defenses of res judicata or collateral estoppel.

6.      No Persons shall be excluded from the Settlement Class because no Person timely and validly requested exclusion from the Settlement Class.  Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, all Settlement Class Members are bound by this Final Judgment and by the terms of the Agreement.

7.      The Court hereby dismisses the Action, including the counterclaims asserted in the Action, with prejudice, without costs as to any of the Parties against the others, except for such applications as may be made pursuant to the Agreement by Class Counsel and the Settlement Class Representatives and/or Clark to be paid solely out of the Settlement Amount.

8.      (a)     Upon the Effective Date, the Settlement Class Representatives and the Settlement Class, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors,

predecessors-in-interest and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully released and forever discharged AMI and each and all of its present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, predecessors-in-interest, or any financial institutions, corporations, trusts, or other entities that may hold or have held any interest (including, without limitation, any security interest) in any account or any receivables relating to any account, or any receivables or group of receivables, or any interest in the operation or ownership of AMI, and all of the aforementioneds' respective officers, directors, employees, attorneys, shareholders, agents, vendors and assigns, from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law (including, without limitation, under any state consumer-protection or unfair and deceptive practices acts), whether by constitution, statute, contract, common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, as of the Effective Date, including, without limitation: (1) that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions or occurrences that were or could have been directly or indirectly alleged, asserted, described, set forth or referred to in the Action; or (2) that arise out of or relate in any way to the administration of the Settlement.  This release does not extend to claims that are completely unrelated to those alleged in the Action, such as claims that AMI did not credit to an account remittances that it actually received.

(b) Upon the Effective Date, AMI, on behalf of itself and each and all of its present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, predecessors-in-interest, and/or any financial institutions, corporations, trusts, or other entities that may hold or have held any interest (including without limitation any security interest) in any account or any receivables relating to any account, or any receivables or group of receivables, or any

interest in the operation or ownership of AMI, and all of the aforementioneds' respective officers, directors, employees, attorneys, shareholders, agents, vendors and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Counterclaim Defendants, and each and all of their present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, predecessors-in-interest, and all of the aforementioneds' respective officers, directors, employees, attorneys, shareholders, agents, vendors and assigns, from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by constitution, statute, contract, common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, as of the date of Final Judgment in the Action, without limitation: (1) that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions or occurrences that were or could have been directly or indirectly alleged, asserted, described, set forth or referred to in the Action; or (2) that arise out of or relate in any way to the administration of the Settlement.

(c) Without limiting the foregoing, the Released Claims and the Released Counterclaims specifically extend to claims that the Settlement Class Representatives and the Settlement Class Members (as to the Released Claims) and AMI (as to the Released Counterclaims) do not know or suspect to exist in their favor at the time that the settlement, and the releases contained therein, becomes effective. The Court finds that the Settlement Class Representatives and AMI have, and the Settlement Class Members are deemed to have, knowingly waived California Civil Code section 1542 and/or any other applicable law relating to limitations on releases, solely with respect to the Released Claims or Released Counterclaims, as applicable.

1498444v1/010557

5

9. In aid to this Court's jurisdiction to implement and enforce the settlement, the Settlement Class Representatives and all Settlement Class Members and all persons purporting to act on behalf of Settlement Class Members are enjoined, directly, on a representative basis or in any other capacity, from asserting, commencing, prosecuting or continuing any of the Released Claims against AMI or any of the other Released Parties in any action, arbitration or proceeding in any court, arbitral forum or tribunal.

10. The Court finds that the program of Class Notice set forth in the Agreement and preliminarily approved by the Court was the best practicable notice under the circumstances. The Class Notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the Agreement, to all parties entitled to such notice and satisfied the requirements of Federal Rule of Civil Procedure 23, 28 U.S.C. § 1715(b) and the requirements of constitutional due process.

11. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains continuing jurisdiction over: (a) implementation of the Agreement and distribution of the settlement payments contemplated by the Agreement, until all acts agreed to be performed pursuant to the Agreement have been performed; and (b) all parties to this action and members of the Settlement Class for the purpose of enforcing and administering the Agreement.

12. Neither this Final Approval Order and Judgment nor the Agreement constitutes an admission or concession by AMI of any fault, omission, liability or wrongdoing. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by the defendant. The final approval of the Agreement does not constitute any opinion, position or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Settlement Class Representatives, AMI or the Settlement Class members.

13. In the event that the Agreement does not become effective in accordance with its terms, then this Final Approval Order and Judgment shall be vacated, the Settlement Class shall be decertified (without affecting the Settlement Class Representatives' right subsequently to seek certification) and the Agreement and all orders entered in connection therewith shall become null and void and of no further force and effect.

14. The Settlement is not conditioned upon the Court's approval of the plan of allocation for the settlement consideration or the fees, costs, expenses and incentive awards sought by Class Counsel. Any appellate proceedings relating solely to such matters shall not delay the date on which this Final Approval Order and Judgment becomes Final.

**IT IS SO ORDERED.**

Dated: May 12, 2011

*/s/ Valerie Baker Fairbank*
Valerie Baker Fairbank
UNITED STATES DISTRICT JUDGE